## John Glenn v. Loxley H. Thistle.

Notice of protest to an endorser, living four and a half miles from the town where the note was payable, addressed to him through the post office of that town, which was the nearest to his residence, is insufficient by the laws of Mississippi; *aliter*, under the laws of this state.

To render obligatory, a promise by an endorser to pay a note from which he has been exonerated in consequence of want of notice of non-payment by the maker, it must be shown that the promise was made by the former, with a full knowledge that he had been legally discharged.

Appeal, by the plaintiff, from a judgment of non-suit by the Commercial Court of New Orleans, *Watts*, J.

*G. B. Duncan*, for the appellant.

*L. Peirce*, for the defendant.

Bullard, J. This is an action against the endorser of a promissory note. The defendant pleads the want of notice of demand and refusal to pay on the part of the drawer, and the failure of consideration between the original parties, under the peculiar jurisprudence of Mississippi. The evidence shows, that the notice was presented and protested for non-payment, at the proper time and place. The defendant lives four and a half miles from Natchez, where the note was payable; and on the morning after the protest, a notice was put into the post office at that place, addressed to him. It was proved, that the defendant was in the habit of receiving all his letters at that post office. Whether this was a sufficient notice to bind the endorser, according to the laws of Mississippi, is the principal question in the case.

We are furnished in the record with an opinion of the Supreme Court of the state of Mississippi, in the case of *Patrick* v. *Beazely*, which was strongly analogous to this. The endorser resided about one mile and a half from the town where the protest was made, and the notice was lodged in the post office, as in the case now under consideration. The notice was held bad. The court cites numerous cases in support of their opinion, and, among others, that of *Clay* v. *Oakley*, 5 Martin N. S. 139, in which this court held that notice to an endorser, put into the post office at Alexandria, addressed to him at the same place, he residing there, was not good. This was previous to the statute of this state in relation to notice

of protest.* The doctrine established by the court of Mississippi, appears consonant to the commercial law, as recognized in several states; and if we regard that decision as evidence of what the law is in the state of Mississippi, we must conclude that the notice of protest was insufficient. But it is contended, that the defendant assured the agent of the plaintiff that there were no offsetts to the note, and promised that it should be paid. This new promise would bind the endorser, if it were shown that he made it with a knowledge that he was legally discharged, for want of due notice of non-payment by the maker. The record furnishes no such evidence; and we conclude, with the court below, that the defendant is exonerated. 12 La. 467. 3 Kent, Com. 113.

<div align="right">

*Judgment affirmed.*