## STEPHEN DUNCAN v. EDWARD SPARROW.

The act of thirteenth of March, 1827, relative to the protest and notices to drawers and endorsers of bills and notes, does not change the general commercial law, as to the diligence to be used in serving notices of protest; it merely provides a new mode of proof of such diligence, by authorizing the notary, or other officer, to state in his protest, the manner in which the demand was made of the drawer, acceptor, or person by whom such order or bill was drawn or given, and, in a certificate subjoined thereto, the manner in which the notices were served or forwarded, and by making a certified copy of such protest and certificate evidence of all the matters therein stated. The provisions of this act being in derogation of the general commercial law, the mode of proof which it authorizes will be received as sufficient evidence of notice, only, where the formalities it prescribes have been strictly complied with.

Where the party to whom notice is to be given does not reside in the town where the protest was made, the second section of the act of 1827, requires : *first*, that the notice be put into the post-office nearest to the place where the protest was made, and *secondly*, that it be addressed to the party to be notified, at his domicil or usual place of residence ; and the omission of either will be fatal.

A notice of protest addressed to a party, at the post-office from which he receives his

---

letters and the one nearest to his residence, or addressed to him, without indicating any particular place, and deposited in such post-office, will not be a sufficient compliance with section two of the act of 1827. The notice must, in addition, be addressed to him at his domicil or usual place of residence.

APPEAL from the District Court of Concordia, *Tenney*, J.

SIMON, J. The defendant is sued as endorser of two promissory notes, amounting together to $5000, both dated at Vidalia, and made payable at the Planters Bank, Natchez. He pleaded the general issue ; and the proof of notice to the endorser of the dishonor of the notes, having been deemed insufficient by the inferior tribunal, judgment of nonsuit was rendered against the plaintiff, from which he has appealed.

The evidence shows, that the notary who made the protest of the notes sued on, directed his notices to the defendant, one of which was addressed to him at Natchez, in the form of a letter, which he deposited in the post-office there ; and the other was also addressed to him by name, without indicating any particular place, and deposited in the post-office at Natchez. It is further admitted, that the post-office from which the defendant receives his letters is at Natchez, Mississippi, which is the nearest post-office to his residence ; and it appears, also, from the evidence, that there is no post-office in the parish of Concordia, and that the defendant resides in that parish, about three miles from the town of Vidalia.

*F. H. Farrar*, for the appellant, contended that the notices were sufficient. They were in strict conformity to the true sense and meaning of the law. Citing *Bank of Columbia* v. *Lawrence*, 1 Peters, 478. Walker's Miss. Rep. 526. 1 Pickering, 411. 15 La. 38, 51. 16 Ib. 282, 308.

*Sparrow* and *Elgee*, contra. Previous to the act of 1827, this court had repeatedly decided that post-offices were not proper places of deposit for notices of protest. *Clay* v. *Oakey*, 5 Mart. N. S. 137. Ib. N. S. 158, 360. *Louisiana Bank* v. *Rowel et al.* 6 Ib. N. S. 506. *Pritchard* v. *Scott*, 7 Ib. N. S. 491. In the case of *Porter et al.* v. *Bayle et al.* 7 La. 170, the defendant resided in the *faubourg* Livaudais, and notice was given by depositing the letter for him in the post-office in New Orleans, addressed to him in that city. The court declared this, "*per se,* clearly insufficient to prove due notice, *whatever may have been*

*the domicil of the endorser,*" because, if he resided within the city of New Orleans personal notice was necessary ; if beyond the city, it should have been addressed to him at his domicil or usual place of residence.    Some recent decisions, which may appear at first to be in opposition to the previous decisions of the court, will be found, on examination, not to be so.    In the case of the *Bank of Louisiana* v. *Watson,* 15 La. 38, the notice was "deposited in the post-office in the town of Baton Rouge, directed to the defendant *in the parish.*"    In *Harrison* v. *Bowen,* 16 La. 282, cited by the counsel for the appellant, the decision was against the defendant, because he had agreed to receive notice.    In *Brent* v. *Cheevers,* Ib. 23, the court declared the notice insufficient, " as it was not directed to the defendant at his domicil or usual place of residence, five miles from which there was another post-office."    If the act of 1827 made any change in the commercial law in regard to post-offices as places of deposit for notices, it was on the condition that the notices " should be addressed to the endorser at his domicil or usual place of residence."

SIMON, J.    The second section of the act of the thirteenth of March, 1827, which is relied on as properly applicable to the present case, as this court had occasion to say in the case of *Preston* v. *Daysson, et al.* 7 La. 11, does not change the usage of commercial law in relation to the diligence to be used in serving notices of protest, but merely provides a new mode of proof of such diligence.    It is provided in the second section, that "whenever such endorsers shall not reside in the town or city where protest shall be made, then, and in such case, it shall be the duty of the notary to put *into the nearest post-office* where such protest is made, a notice thereof to such endorsers, *addressed to them at their domicil* or *usual place of residence.*"    This statute, therefore, seems to require two formalities : *first,* that the notice should be put into the nearest post-office where the protest is made ; and *secondly,* that such notice should be addressed to the endorser at his domicil or usual place of residence.    Now, under the first section of the same act, the certificate of the notary that these formalities were complied with, by showing the manner in which they were fulfilled or executed, ought to be considered as sufficient evidence of all the matter therein stated ; but, as this law is one of

Duncan v. Sparrow.

those which it has pleased the legislature to enact in derogation of the general commercial law, we are by no means satisfied that its requisites should not be strictly observed, or that the mode of proof, which it provides for, should be received or resorted to as sufficient evidence of notice, unless the requisites or formalities therein prescribed are shown to have been strictly complied with.

With this view of the effect, construction, and application of the law of the thirteenth of March, 1827, relied on by the plaintiff's counsel, we agree with the judge *a quo* that the notary's having failed to address his notices to the defendant at his domicil or usual place of residence, is a fatal objection to taking the facts by him stated in his testimony as a sufficient compliance with the requisites of the said law, or as satisfactory proof that due notice was given to the endorser.