Duncan v. Sparrow.

---

### Same Case—Application for a Re-hearing.

In an action in this State against the endorser of a note, dated at a place in this State in the parish in which the endorser resides, payable in another State, the presumption will be, until the contrary is shown, that the note was endorsed at the place of its execution; and the obligation will be governed by the *lex loci contractus.*

Notice of protest to an endorser, put into the post-office at the place where the note was payable and at which he was in the habit of receiving his letters, addressed to him there, is insufficient by the law of Mississippi. Otherwise, in this State, since the act of thirteenth of March, 1827.

SIMON, J. The plaintiff and appellant has prayed for a re-hearing on the grounds: *First,* That the statute of 1827 does not apply, because the notes sued on were not made payable in this State, but in the State of Mississippi, and there is no proof that they were executed in the State of Louisiana. *Secondly,* That the *lex mercatoria* prevailing in all the States of the Union, ought to govern the present case; and if so, that this court cannot hesitate to decide that, under the peculiar circumstances which it presents, the party was dispensed from the necessity of personal service, and that the defendant was legally notified.

Duncan v. Sparrow.

I. It is true that the notes sued on were made payable in the State of Mississippi ; but they are dated at *Vidalia,* and this circumstance alone is sufficient to show that they were executed in the parish of Concordia, within the limits of the State of Louisiana. The defendant resides in that parish, and until the contrary be shown, we may fairly presume that he endorsed them in the place where they were executed. If so, it is clear that his obligation must be governed by the *lex loci contractus,* and not by the *lex loci solutionis,* and that his liability should be tested according to the provisions of our laws.

II. But even supposing the plaintiff right in his position, that the *lex mercatoria* ought to govern the liability of the defendant in this case, we are unable to see how it could avail him. It is shown by the evidence that the defendant resides about three miles from the town where the notes were made payable, and that the notices were put into the post office at that place, addressed to him ; and it is also shown that the defendant was in the habit of receiving his letters at that post office. We can hardly distinguish this case from that of *Glenn* v. *Thistle,* 1 Robinson, 572, in which this court held, that the doctrine established by the Supreme Court of Mississippi in the case of *Patrick* v. *Beazely,* (also strongly analogous to the present one,) appeared consonant to the commercial law, as recognized in several States ; and that, regarding it as evidence of what the law is in the State of Mississippi, the notice of protest, then under consideration, was insufficient. This case does not, in our opinion, present any circumstance which should take it out of the general rule recognized in the case above cited, under a proper application of the commercial law. The re-hearing applied for is, therefore, refused.

*Judgment affirmed.*