LEVI C. HARRIS, for the use of James H. Watson *v.* JOHN S. ALEXANDER and another.

Where the record furnishes no proof of the laws of the State in which a note sued on was executed, they will be presumed to be the same as our own.

A notice of protest directed to a party at the post-office from which he receives his letters, being the nearest to his residence, and deposited there, is insufficient under the second section of the act of 13th March, 1827. The notice must, in addition, be addressed to him at his domicil, or usual place of residence.

Under the general commercial law prevalent in most of the States, the post-office is to be used as a means of conveyance, not as a place of deposit for notices of protest; and a notice directed to a party at the nearest post-office, and the one from which he receives his letters, and deposited there, would, under its provisions, be insufficient.

Harris, for the use &c., v. Alexander and another.

APPEAL from the District Court of Concordia, *Curry,* J.

*R. N.* and *A. N. Ogden,* for the plaintiff.

*Stacy* and *Sparrow,* for the appellants.

SIMON, J.   This case was before us on a former occasion, and was remanded for further proceedings.   1 Rob. 30.   It is an action against two endorsers of a promissory note, which, not having been paid at maturity, was protested for non-payment. There was judgment below in favor of the plaintiff, and the defendants, after a vain attempt to obtain a new trial, took the present appeal.

The note sued on was executed at Natchez, in the State of Mississippi, on the 24th of November, 1837, and was made payble three years after date at the Agricultural Bank of Mississippi, where due demand of payment was made at its maturity.

The notary states in his testimony, that he gave notices of protest to John S. Alexander and Thomas Alexander, the defendants, which notices were  dated the day on which the note was protested; and that early on the morning of the ensuing day, he placed those notices in the post-office at Natchez, Mississippi, directed to the said John S. Alexander and Thomas Alexander, at Natchez, the post-office at which, upon inquiry, he understood that the endorsers received their letters, papers, &c.

It is further shown by other testimony that the Natchez postoffice is the nearest to both defendants ; that one of them resided within three, and the other within nine miles of Natchez, in the parish of Concordia ; that letters put in the post-office at Natchez for the defendants, would remain there until called for, and would not be conveyed by mail from that post-office.   There was no post-office in the parish of Concordia, at the time of the protest ; and both the defendants are in the habit of receiving their letters at the post-office at Natchez. '

The note sued on is a Mississippi contract, that should be governed by the laws of that State ; but the record does not furnish us any proof of the laws of the place where the note was executed ; and, therefore, the liability of the endorsers should be tested by the laws of Louisiana.   If so, it is evident that, as we held in the case of *Duncan* v. *Sparrow,* (3 Rob. 164,) the notary's having failed to address his notices to the endors-

ers at their domicil, or usual place of residence, which was in the parish of Concordia, is a fatal objection to their liability. The statute of 1827 was not complied with, and that is sufficient to discharge the endorsers.

But were this case to be governed by the commercial law, which we know to be in force in the State of Mississippi, it is clear that the plaintiff could derive no benefit therefrom ; by the commercial law the post-office is to be used as a means of conveyance, and not as a place of deposit ; and it is difficult to distinguish this case from that of *Glenn* v. *Thistle*, (1 Rob. 572), which presented a similar state of facts, and in which, under the authority of the commercial law, as recognized by the Supreme Court of the State of Mississippi, in the case of *Patrick* v. *Beazely*, we held, that the notice of protest, then under consideration, was insufficient. 3 Rob. 168.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and that ours be in favor of the defendants as in a case of non suit, with costs in both courts.