Harris, for the use, &c., *v.* Alexander et al.

LEVI C. HARRIS, for the use of James H. Watson, *v.* JOHN S. and THOMAS ALEXANDER.

Service of citation must be accompanied with that of a copy of the petition; the latter is the only document from which the defendant can ascertain the demand with which he is required to comply.

Service of a copy of the petition must appear of record; no other evidence than the sheriff's return can be received to prove it. It may be waived by the appearance of the party.

A judgment will not be reversed on an assignment of error, where such error might have been cured by evidence legally admitted.

APPEAL by defendants from a judgment by default, before the District Court for the parish of Concordia, *Tenney,* J.

*A. N. Ogden,* for the plaintiff.

*Stacy,* for the defendants.

MARTIN, J. The defendants and appellants ask the reversal of a judgment by default made final against them, on an assignment of error apparent on the face of the record, which appears from the sheriff's return, in the following words : ' Served on the 16th September, 1840, by leaving a duly certified *copy of this citation* with the defendant, J. S. Alexander, *in person,* &c.; and served a duly *certified copy* on the other defendant, Thomas Alexander, in person at his domicil, &c.' Neither of the defendants appeared in the court below.

Their counsel contends, that they were not duly cited, because no copy of the petition was served on either of them. The Code of Practice, art. 185, makes it the duty of the sheriff to serve copies of the *petition and citation* on the defendant. The proof of this service is not a matter *en pais.* There can be no evidence of it but the sheriff's return, unless service be waived by the appearance of the party. The Code of Practice, art. 606, No. 4, provides ' that the defendant is entitled to an action of nullity, when he *has not been legally cited,* and has not appeared, &c.' The citation summons ' the defendant, either to comply with the demand contained in the petition, of which a copy accompanies the citation, or deliver his answer to the petition in the office of the clerk of the court, in which he is cited to appear.' *Idem, art.* 179, *No.* 4.

It is of the essence of the legal service of the citation and sum-

mons, that it be accompanied with the only document, by which the defendant may be informed of the demand with which he is required to comply, and of the matters to which he is to answer.

It has however been contended, that on an assignment of error no judgment is to be reversed, if the error assigned could have been cured by evidence legally admitted. This is true, and we have often so said. But we have just now stated that the service of a copy of the petition, being duly imposed on the sheriff, the best evidence of his having complied, is his return.

The service must appear by matter of record. No parol evidence of it can be received.

The clerk's certificate informs us, that the transcript contains all the proceedings of the court, and all the documents filed in the case, and in these we look in vain for any evidence of service of a copy of the petition. *De non existentibus et non apparentibus eadem est lex.*

It is therefore ordered, that the judgment of the District Court be reversed, the judgment by default set aside, and the case remanded for further proceedings according to law, the plaintiff and appellee paying the costs of this appeal.