No. 1431.—Villeneuve Leblanc, Jr. & Co., *v.* L. E. Perroux, Marsoudet, subrogated.

A judgment rendered against a party who has neither been cited nor made an appearance by answer, is an absolute nullity.

Proof of citation can only be shown by the Sheriff s return, and nothing can be presumed by the Court.

The Sheriff's return on a citation cannot be amended or corrected after judgment, so as to cure nullities resulting from a defective citation.

The power to receive citation for another must be express and special; it cannot be conferred by a general mandate. C. C. 2965, 2966.

When parties have elected a domicile as a place to receive citation, the Sheriff's return must show that the service was made at the elected domicile in the manner prescribed by law.

Citation served on a person not a party to the suit, whom it is neither alleged nor shown was the agent of the principal, is defective, and judgment rendered thereon is null and void.

APPEAL from the Sixth District Court of New Orleans, *Duplantier, J. H. & J. Grover,* for appellants. *L. Castera & C. Hunt,* for appellee. Howe, J. This is an action of nullity.

The judgment sought to be annulled was rendered in a suit upon four promissory notes made by Villeneuve LeBlanc, Jr. & Co., of the parish of West Baton Rouge, who, in an act granting a mortgage upon their plantation situated in the parish of West Baton Rouge, to secure these notes, consented as follows :

" That all proceedings may be instituted in and carried on to final judgment and execution before any of the district courts, or other courts of competent jurisdiction in this city (of New Orleans), electing the office of Bellocq, Noblom & Co., or that of their successors, in this city, for their domicile, and renouncing the benefit of any laws now in force or hereafter to be enacted, providing that the defendants can only be sued or proceeded against before the judge of the district or parish wherein they reside or have their domicile."

In this action upon the promissory notes, commenced in the Sixth District Court of New Orleans, the return upon the citation was the following:

" Received February 16, 1865, and on the same day served a copy of this citation and accompanying petition on A. P. Noblom, agent of Villeneuve LeBlanc, defendant herein, personally."

Upon this return judgment by default was entered, and in due time the default was confirmed and judgment rendered against Octave LeBlanc and Villeneuve Le Blanc, composing the firm of Villeneuve LeBlanc, Jr. & Co., *in solido,* for the sum of $16,000, with sundry arrears of interest, and with privilege on the property mortgaged.

Steps having been taken to execute this judgment, the plaintiffs in the case at bar commenced their action of nullity upon the ground of defective citation, and invoked the conservatory remedy of injunction. The defendants (appellees) appeared and answered, and moved to dissolve the injunction upon the ground, substantially, that the judgment debtors had been properly cited, and that the citation and return

formed a legal basis for a judgment. The judge *a quo* denied this motion, being of opinion that the service of the citation, as disclosed by the return we have quoted above, was not a compliance with the law, and amounted to no citation at all.

The defendants in injunction thereupon procured an order permitting the return of the sheriff in the case of *Perroux* v. *LeBlanc* to be amended as follows:

"In conformity to the ruling of the court, permitting an amendment to be made to the service of the above citation, I now make the following additional return and amendment, to wit: that on the day named in the said return I served a copy of this citation and accompanying petition, as in said return set forth, by serving the same on A. P. Noblom, personally, who at the time I served him was in his counting room or office, being that of Bellocq, Noblom & Co., No. 61 Carondelet street, in second floor of said building, first district of New Orleans, November 16, 1866."

The case came on to be tried and the court *a quo* gave judgment for plaintiffs, but thereafter granted a new trial, and upon the second trial gave judgment for the defendants, dissolving the injunction with damages.

From this judgment the plaintiffs have appealed.

It is well settled that a judgment rendered against a party who has neither been cited nor appeared, is an absolute nullity; that a court can presume nothing with respect to a party being cited; that nothing will cure defect of citation or want of service except appearing and answering to the merits; that the poof of the service of a citation is not a matter *en pais*, and there can be no evidence of it but the sheriff's return, unless service be waived by the appearance of the party; that the service must appear by matter of record, and no parol evidence can be received. C. P. Art. 206; Harris *v.* Alexander, 1 Rob. 30.

Tested by these elementary rules, the citation in the case of *Perroux* v. *LeBlanc* as evidenced by the original return was clearly defective. There is no allegation of agency in the petition; and admitting that LeBlanc, Jr. & Co., in electing as their domicile the office of Bellocq, Noblom & Co., in New Orleans, elected it as a place to receive citation, it does not appear by the original return that the service was made at this elected domicile, nor does it appear that the service was made upon a person apparently above the age of fourteen, living in the house. C. P. 189, 201; 16 L. 570: 12 L. 547.

The defendant seeks to avoid these conclusions by contending that the election of the office of Bellocq, Noblom & Co. as a domicile was a mandate to this firm, and each of its members to accept service of citation. In support of this position his counsel have cited French commentaries and decisions on article 111 of the Code Napoleon, and have urged that although that article is not to be found in our Civil Code, yet its equivalent is to be found in C. C. Art. 11.

Granting that the eleventh article of our code authorizes, in general terms, the election of domicile, which is specially authorized by the 111th article of the Code Napoleon, and conceding the highest respect to the commentators and courts of France, we are of opinion that the law of Louisiana has been long settled adversely to the view urged by the defendant. The power to receive citation for another is not one of administration. It cannot be confessed by a general mandate, however broad. It can result only from the express terms of an instrument, or from such language therein as leaves no room for doubt.

C. C. 2965, 2966.

The case of Fuselier v. Robin, 4 An. p. 61, will show how jealously the court has guarded the rights of parties defendant in this respect.

There being therefore in the petition in Perroux v. LeBlanc no allegation that A. P. Noblom was agent of defendants, and no evidence of agency, the case at best is one of an attempt to serve defendants with citation at their elected domicile, and the original return does not show that this service was made in any lawful way.

But the defendant contends that he caused the return to be amended as stated above; that such amendment was properly allowed by the court, and that any defects which may have existed in the judgment were thus cured. It is quite true that a sheriff's return upon certain writs may be amended at any time, and ought to be in deference to truth and justice, but there is an obvious distinction in this regard between process which issues before judgment and forms the foundation thereof, and process which issues after a judgment by way of execution. The former cannot after judgment be amended in such way as to render valid a judgment otherwise null. As was well said by plaintiff's counsel in argument, if a house be built without a foundation it will be of little use afterwards to lay a foundation on the roof. And this distinction borne in mind will explain what at a superficial glance might seem a conflict between such a case as Hatton v. Stilwell, 10 M. 91, and such cases as Auber v. Bukler, 3 N. S. 489, and Elmore v. Bell, 2 R. 485. In the language of this court in Rochelle's heirs v. Cox, 5 L. 287—" The return of a process, being the basis, the foundation, on which the judgment rests, it is clear that it must be amended, if amended at all, before judgment; for after it, the foundation of it cannot be subtracted. It is otherwise as to returns posterior to the judgment, like that in an execution. To such a return the rule in 10 Martin 91 cannot be said to be applicable."

We think, then, that the judgment in question in the case at bar must rest on the facts evidenced by the original return, and for the reasons given above must be annulled. If, as matter of fact, the citation was proper, the defendants herein can still proceed to perfect a judgment in the case, since the present judgment being annulled there can be no objection to such amendment of the return as will make it conform to the truth.

It is, therefore, ordered and adjudged that the judgment appealed from be avoided and reversed, and that there be judgment in favor of the plaintiffs against the defendant, avoiding and annulling the judgment of the Sixth District Court of New Orleans, in favor of L. E. Perroux *v.* Villeneuve LeBlanc, Jr. & Co., in the case numbered 13,927 of the docket of said court; that the order of injunction issued herein on the sixth February, 1866, be made perpetual, and that the defendant pay the costs of both courts.

Rehearing refused.