The opinion of the court on the original hearing was delivered by Spencer, J., and on the rehearing by Manning, C. J.
Spencer, J.
This suit is brought by, and in the name of, Leopold DePoret against A. L. Gusman, Mrs. Zoe Garig, and Mrs. Zulme Hearsey, the simple and unconditional heirs of Gabriel Gusman, deceased. A. L. Gusman is a citizen and resident of New York, but was in East Baton Rouge at the time of the institution of this suit, and was personally cited.
The petition alleges his citizenship in New York, and that he is about to convert his property in Baton Rouge into money, in order to put it beyond the reach of his creditors, and, therefore, prays an attachment. The affidavit for attachment and the bond were made by one of the defendants, Mrs. Hearsey, as the agent and attorney in fact of DePoret, the plaintiff, under a special power of attorney, which is produced.
The plaintiff’s claim against Gabriel Gusman, and, therefore, against his said children and heirs, is based upon—
1. • An act of partition made August 25, 1866, among the heirs of Esther DePoret, in which Gabriel Gusman appeared as the agent and attorney in fact of plaintiff, one of the heirs, and received for him the sum of $2577 93J. In this act, Gusman explicitly declares himself the agent and attorney in fact of Leopold DePoret, “ by virtue of an act of procuration of record, in book Y of notarial acts of the city of Baton Rouge,” etc.
2. An act of sale by Gusman, as agent aforesaid, of date January 9, 1871, of certain real estate belonging to his principal, in which he acknowledges to have received $618 in money and notes.
*931 Ia the face of these acts and the evidence in this record, it is idle to attempt to dispute the receipt of these sums by Gabriel Gusman. • The testimony of the defendant, A. L. Gusman, himself, who most strenuously contests this suit, shows that his father’s own books disclose its receipt. Nor is there, so far as we can discover, the slightest evidence that he ever paid it over to plaintiff. His books, it seems, contain a statement that he remitted a bill for $2500 to plaintiff at Paris, but it was returned to him, as the plaintiff could not be found. The plaintiff voluntarily remitted all claim for interest on these sums up to 17th February, 1873, the date of Gabriel Gusman’s death, because, we presume, no demand had ever been made on him for the money by DePoret.
It is unnecessary to notice defendants’ bill of exceptions to the introduction of the power of attorney from plaintiff to Gusman as being •the copy of a copy, since the act of partition contains ample proof of the ■agency, and even speeiñes the book in which the mandate is recorded.
On the merits of the case, the existence and justice of this debt, there can be not the slightest doubt. In fact, each and every one of these heirs, and especially A. L. Gusman, are estopped from denying it. They over and again, in their transactions about this estate of their father, ■admitted its existence, and even set apart property to sell to pay it.
But it seems that Mrs. Hearsey, one of the heirs and a defendant herein, in the course of these attempted settlements of the father’s estate claimed that she was owner of these claims — that DePoret, the plaintiff, had given them to her — and in certain suits between her and her co-heirs she swore that she owned them, and A. L. Gusman swears that on one occasion she exhibited to him a paper which she said was evidence of the gift, but she did not let him read it. These declarations were made in 1873, and even as late as May, 1874. The present suit was brought by DePoret in September, 1874, and the power of attorney under which Mrs. Hearsey made the oath and gave the bond for attachment bears date in France, November, 1873. ■
In the present suit, September, 1874, she swears that DePoret is the owner. She has certainly by her conduct, averments, and oaths placed herself in a position that needs explanation. She is a co-defendant in this suit, and yet appears as agent of the plaintiff, in swearing out an attachment against her brother and co-defendant, A. L. Gusman. True, this is a suit against joint heirs, for their virile shares of a debt of the ancestor, and might have been brought against each one separately. See Acts of 1871.
If it were made to appear that her co-defendants had been prejudiced in their defense by this conduct of hers, we should be indisposed to tolerate it. But, as we have said, there is no doubt of the correctness of this claim. The only objection ever made to it was to the interest, as *932 no demand had been made, and Gusman’s books showed an effort to pay it, or at least part of it. But this objection has been removed by the remission which has been made of all interest prior to Gusman’s death.
It is not for us to reconcile Mrs. Hearsey’s inconsistencies. I£ she were ever the owner — if* DePoret ever in fact gave or promised to give her these claims — still it is true that at the time this suit was instituted she disavows it and swears that DePoret was the creditor; and as we do not perceive that the defendants, A. L. Gusman and Mrs. Garig, have any real defense to the claim, in any body’s hands, we do not think the question material. At all events, there is no proof binding on DePoret that he ever parted with his undisputed ownership. Mrs. Ilearsey’s declarations in her own name and interest, and for her own purposes, out of the presence of DePoret, that he had given them to her, certainly can not be held to have divested him of his rights.
We, therefore, hold that so far as this record discloses, DePoret is still the creditor, and is not estopped or barred from asserting his rights by Mrs. Hearsey’s declarations and acts. The fact that in November, 1873, DePoret executed a power of attorney to her as his agent to sue for and collect this very debt, is evidence that he then considered himself the creditor, although even after the receipt of this power it seems that Mrs. Hearsey continued for some months to assert her ownership.
We repeat that the debt is fully established against Gabriel Gus-man, and as it is admitted that the defendants are his pure and simple heirs judgment was properly rendered in personam against each for their virile share. We can not assent to the proposition of defendants’ counsel that the suit against A. L. Gusman, being by attachment, the whole proceeding falls as to him, if the attachment be set aside. He was anon-resident of the State, temporarily in.Baton Rouge, where the succession of his father was opened, and was personally cited. A party having no residence or domicile in the State may be cited wherever found, and, upon such citation, may be personally condemned. O. P. 165, No. 5.
A. L. Gusman, however, contends that the attachment of his property was illegal—
1. Because the power of attorney under which Mrs. Hearsey acted was insufficient.
2. Because Mrs. Hearsey was estopped from making the affidavit, etc., as agent of DePoret, because of her previous contradictory judicial admissions and sworn declarations anterior and subsequent to the date of the said power.
3. Because the allegation that he was about to convert his property, etc., was false, and because the other allegation that he was a citizen of *933 New York and non-resident of this State was insufficient of itself to warrant the attachment.
4. Because DePoret was not the owner of the claims, etc. This last ground we have already considered .in connection with the merits, and it need not be further noticed.
1. As regards the sufficiency of the power. It appoints Mrs. Hear•sey agent and attorney in fact “ for me and in my name and stead, to ask, demand, sue for, recover, and receive all such sums of money, debts, goods, rents, dues, and accounts, * * * * as shall be due, owing, payable to, belonging to or detained from me, giving and granting unto my said agent my full and whole power, strength, and authority in all matters pertaining to the several successions of Esther'Mainville, Esther DePoret, and Gabriel Gusman, deceased, to sue for and receive the amount for me drawn by my representative, Gabriel Gusman, in the lawful partition of August 25,1866, and to recover the value or possession of the lot, etc., known as “ Hall’s Bow,” received and invested by my aforesaid representative, with all interest, etc., * * * and I hereby empower my said agent * * * * to do all and every other act or acts, thing or things, etc., which may be needful and necessary in the premises * * * * as fully to all intents and purposes as I might or could do, if personally present,” etc.
We think that this power specially authorizing the agent to sue for these specific debts, and to do all and every act and thing in the premises which the constituent could himself do, carries with it the power to make that suit effective by attachment, if deemed necessary. It is a much stronger case than that of Dwight vs. Weir, 6 A. 706. Upon the authority of that case, and of Fulton vs. Brown, 10 A. 350, as well as upon the terms of the instrument, we think the agent was authorized to sue out the attachment in this case.
2. As to Mrs. Hearsey being estopped from making the oath and giving the bond, etc., in this case, as agent of DePoret, we are unable to see in what way her acts, done in her own name and for her own interests and purposes, can be pleaded as an estoppel of DePoret. This ■suit is brought by DePoret, who shows by authentic evidence his right to the money sued for. Can the unauthorized assertion by her, out of his presence, of the ownership of his rights, divest him of them ?
The case of Gilbert vs. Hollinger, 14 A. 441, was where plaintiff’s agent in a suit in the United States court swore out an attachment under allegations that the defendant resided in Louisiana, and then voluntarily abandoned and discontinued the suit, renewing it on same day in the State court under allegation that defendant resided in Alabama. In both cases he was acting as agent, and under the rule qui faeitper aliumfacitper se, the court properly held that the plaintiff *934 could not maintain his attachment in the face of these his contradictory allegations. So, in the case of Howell, Tax Collector, vs. The Sheriff, 27 A. 701, had the second suit been a contest between the State and the seizing creditor, can any body suppose that Howell’s declarations in the first suit, wherein he claimed the property in question as his own, would have estopped the State from asserting its ownership and proving it, if need be, by Howell himself ? The doctrine of estoppel by the acts or declarations of an agent, must, in the nature of things, find its application only when those acts and declarations were done or made by the agent as such. In the case before us the acts and declarations of Mrs. Hearsey pleaded in estoppel were not done or made as agent of Poret, but avowedly in her own name, interest, and behalf. We can not see that they prevent her, as Ms agent in this suit, verifying his allegations by her oath. Besides, there is not necessarily any inconsistency in her claiming to be owner of a chose in action in January or February, and afterward, in September, swearing that another person was then owner of it. Both statements might be true.
3. Article 240 C. P. enumerates the cases in which attachments will lie. The second one is “ when the debtor resides out of the State.” The mere fact of non-residence gives the right of attachment, even when the debtor is present in the State. 1 N. S. 412 ; -18 A. 526, 305. But the counsel contends that article 240 is modified by article 243, and that the words “ so that citation can not be served on him,” refer to and qualify, not only the preceding words “ conceals himself,” but also the words “ resides out of the State,” so that in the counsel’s view it is not sufficient to swear that “the,debtor resides out of the State,” but also that “ he can not be cited.” This is an error, and will be manifest by a simple comparison of the two articles. Article 243 simply repeats the provisions of article 240, which in its third paragraph gives attachment “ when the debtor conceals himself to avoid being cited,” etc. Article 243 repeats when the debtor “ conceals himself so that citation can not be served on him.”
The court below gave judgment for plaintiff for the amounts claimed, with interest, from 17th February, 1873, at five per cent, and maintaining the attachment against A. L. Gusman. We think the judgment is correct, and it is, therefore, affirmed at the costs of appellants.