(86 South. 734)

No. 24246.

### STEWART v. LITCHENBERG.

### In re LITCHENBERG.

(Nov. 30, 1920.)

*(Syllabus by Editorial Staff.)*

**1. Prohibition ⬅10(1)—Where trial court is without jurisdiction, prohibition will issue to prevent proceedings.**

Where the trial court is without jurisdiction of an action, prohibition is the proper remedy to prevent proceedings.

**2. Courts ⬅12(4)—Provision that nonresident may be cited wherever found does not authorize suit by nonresident.**

The provision of Code Prac. art. 165, par. 5, that when the defendants are foreigners, or have no known place of residence in the state, they may be cited wherever they are found, is for the benefit of residents, and does not give nonresidents an unqualified right to have the state courts dispose of their transitory actions, though personal service is had within the state.

**3. Prohibition ⬅10(2)—Where court had jurisdiction by comity, prohibition will not issue.**

Under the rule of comity, the courts of one state may in their discretion entertain jurisdiction over transitory actions, brought by nonresidents, where personal citation can be had; consequently, where the trial court proceeded to entertain jurisdiction of an action by Nebraska citizens against other citizens in Nebraska concerning claims for commissions for procuring a purchaser for lands located in Louisiana, and one trial had been had, further proceedings by the trial court will not be interfered with by prohibition.

**4. Courts ⬅12(4) — By comity jurisdiction over disputes between nonresidents may be entertained.**

Under rules of comity, the courts of our state may, where personal citation is had within their territorial limits, take jurisdiction between citizens of another state, where it is possible to do complete justice between the parties.

**5. Constitutional law ⬅309(1)—Courts ⬅12(4)—Taking jurisdiction of controversies between nonresidents does not violate Fourteenth Amendment, or any provision of state Constitution.**

The action of a Louisiana court in taking jurisdiction of a transitory action between residents of a foreign state, where citation within the state was had, is not a violation of the due process clause of Const. U. S. Amend. 14, or of any provision of the state Constitution.

Action by L. L. E. Stewart against Louis Litchenberg. Application by Louis Litchenberg for writ of prohibition to prevent proceedings in the aforesaid action. Application dismissed.

Claiborne & Claiborne, for applicant.

J. H. Morrison and Albin Provosty, both of New Roads, for respondent.

DAWKINS, J. Plaintiff instituted in the court below an action in damages for breach of contract, in which it was alleged that he, a resident of Saunders county, state of Nebraska, Charles J. Carlson, of same residence, Gottleib Sprieck, a resident of Stanton county, said state, A. P. Olson, also a resident of Saunders county, and Charles Koran, a resident of Douglas county, said state of Nebraska, were the owners of certain lands situated in the parish of Pointe Coupe, this state; that plaintiff and the said Koran, on the one part, and the remainder of said individuals, on the other, entered into agreements by which the said plaintiff and Koran were to undertake to find a purchaser for the said lands, and subsequently for the timber thereon separate from the land; that petitioner and the said Koran thereafter found a purchaser able, ready, and willing to buy said timber, provided that of all parties were conveyed, so as to form a tract sufficiently large to justify its acquisition; that before the transfer could be made the said defendant Litchenberg revoked the agency or power of attorney under which plaintiff and said Koran

were operating, and the prospective purchaser refused to buy any of it without all, and the deal fell through. Plaintiff sues for one-half of the alleged commissions upon the timber of all parties save his own, and as to that he claims the profit which he alleges he would have made.

The defendant was found and personally cited in the parish of Pointe Coupe.

Defendant's first appearance was by way of exception to the jurisdiction of the lower court, in which it was urged that, since the petition disclosed that he was a resident of the state of Nebraska and the suit was for a personal judgment, the court was without jurisdiction.

Plaintiff next filed an amended petition, alleging merely the name of the prospective purchaser to whom he claimed to have bargained the timber.

Thereupon defendant again excepted to both original and amended petitions on the ground that the court was without jurisdiction ratione personæ, and in which it was suggested that both plaintiff and defendant were nonresidents, and, this being a suit for a personal judgment without seizure or attachment, the court was without jurisdiction. And, in the event of said exceptions being overruled, it was further excepted that the court was without jurisdiction ratione materiæ.

All exceptions were overruled, defendant was forced to answer, and prayed for trial by jury; trial was had before a jury, which gave a verdict for defendant. A motion for new trial was filed and sustained, and the lower court ordered a second jury to hear the case beginning on August 17, 1920. Defendant at all times protested against the court's exercise of jurisdiction, and on the day the case was first called for trial, May 6, 1920, he filed further objections to court's jurisdiction, as follows:

First, that both plaintiff and defendant were residents of the state of Nebraska, and this is an ordinary suit sounding in damages;

Second, that as a general rule a party must be sued at his domicile, except in cases specially provided by law, and which did not include the present one;

Third, that under the Fourteenth Amendment to the federal Constitution, being a citizen of the United States, and of the state of Nebraska, he is entitled to the equal protection of the law, and hence is entitled to have a suit, such as this, brought before the courts of his domicile; and

Fourth, that to compel him to defend this suit would violate the laws and Constitution of the state of Louisiana.

After the lower court had ordered the drawing of a second jury and fixed the case for hearing on August 17th, defendant applied to us for a writ of prohibition, upon the ground that the court below was without jurisdiction, a rule to show cause was issued, and the matter is now before us on the answer of the district judge, in which he cites and relies upon paragraph 5 of article 165 of the Code of Practice as vesting him with jurisdiction in the premises. He also urges that the case is one in which we would have jurisdiction on appeal, and for that reason, also, prohibition should not issue.

### Opinion.

[1] We will take up first the question of whether or not a writ of prohibition should issue in a case like the present, where it is contended by the applicant that the lower court is without jurisdiction. In the case of Iberia, etc., Railway Co. v. Morgan's La. & T. Ry. & Steamship Co., 129 La. 492, 56 South. 417, we said:

"Where a court is without jurisdiction, it would impose a hardship and useless expense upon the parties to compel them to litigate to the end, and the law has provided a remedy in the writ of prohibition, which is an order from the appellate court, forbidding the court of the first instance 'to proceed further in the cause, on the ground that cognizance of such

cause does not belong to such court, or that it is not competent to decide it.'"

See, also, City of Gretna v. Bailey, 140 La. 363, 72 So. 996.

Hence the question which we must determine, and the only one which we have a right to determine, in this case, is as to the jurisdiction of the lower court.

### Plea to the Jurisdiction.

[2] In this case, the petition discloses that both plaintiff and defendant are residents of the county of Saunders, state of Nebraska, and that the action is a purely personal one, transitory in character, and the only question is as to whether or not the courts of this state have the jurisdiction to determine such an issue where the defendant was found and personal service made upon him within the territorial limits over which the lower court exercises its powers.

No brief has been filed or citation of authority made on behalf of the applicant, but the respondent judge and counsel for plaintiff cite and rely upon the fifth section of article 165 of the Code of Practice of this state, and which provides one of the exceptions to the rule that a person must be sued at his domicile. That section reads as follows:

"When the defendants are foreigners or have no known place of residence in the state, they may be cited wherever they are found."

Our opinion is that this provision of our law was intended for the benefit of the citizens of this state to enable them to assert their claims against foreigners or residents of other states, or those having no known residence or domicile, when found within the state, and to afford adequate relief in cases where, otherwise, they would have none under our law, and to save the necessity in such cases of having to resort to foreign tribunals for that purpose. We are also equally of the opinion that it was not intended to permit foreigners or citizens of other states, in no way owing allegiance to this state or its laws, to invoke the offices of our courts in determining controversies between them and other foreigners or nonresidents at their pleasure, when they have their adequate remedy in their own courts or those of their adversaries.

[3, 4] However, under the rule of comity, between the several states, the courts of the one may, in their discretion, entertain jurisdiction over controversies, where personal citation is had within their territorial limits, between the citizens of other states, when it is within their power to do full and complete justice between the parties. But this power arises from no duty or inherent right in the litigants, and solely under the rule of comity referred to. Hence, when it appears that they may not be capable of doing full and exact justice between the parties because of a want of knowledge of the laws of another state, or where the amount involved is small, and the defendant will be subjected to great and unnecessary expense and inconvenience, and the investigation will be surrounded with great difficulties, which can be avoided by suing at the defendant's domicile, courts may, and generally do, decline jurisdiction. R. C. L. vol. 7, pp. 1035, 1036; notes to 70 L. R. A. 513. See, also, note to Logan v. Bank of Scotland, 3 Ann. Cas. 1153.

In the present case, no such grounds were urged as reason for asking the lower court to decline jurisdiction, nor is the application to this court based upon that contention, but solely upon the alleged entire lack of jurisdiction in the court below. In such circumstances, we will not disturb the action of the trial court in the exercise of its discretion, when it is better able to determine the wisdom of its course than we are, and where one trial has already taken place.

[5] We have not been informed in what sense the entertaining of jurisdiction may be said to violate the Fourteenth Amendment to the federal Constitution, or any provision of

our own Constitution; and we are unable to see how such can result.

For the reasons assigned, the rule is recalled, and the application dismissed at the cost of relator.

O'NIELL, J., concurs in the decree.

PROVOSTY, J., recused.