(120 So. 480)

No. 29695.

### GAMBURG v. RAY.

In re RAY.

Jan. 28, 1929.

Rehearing Denied Feb. 25, 1929.

Bruton T. Dawkins and W. C. Roberts, both of Alexandria, for applicant.

Thornton, Gist & Richey, of Alexandria, for respondent.

O'NIELL, C. J. The plaintiff sued in the district court, in Rapides parish, alleging that the defendant was a resident of the state of Kentucky and was temporarily at the United States Veterans' Hospital, in Rapides parish. The suit is for a personal judgment against the defendant for $5,334.43, for an alleged breach of contract. The defendant pleaded that the court had not jurisdiction, averring that he was a citizen and resident of Louisville, Ky., and was then only temporarily at the United States Veterans' Hospital, on the government reservation, over which the state courts had not jurisdiction. The citation and a copy of the petition were served upon the defendant twice, personally; the first service being made upon him at the Veterans' Hospital, on the government reservation, and the second service being made upon him in the city of Alexandria, away from the government reservation. The deputy sheriff's return, written on the back of the citation and showing how the second service of citation was made, reads thus: "On the 18th day of October, 1928, I made service of the copies of petition and citation above mentioned by delivering them to Price Ray in per-

son." On the trial of the plea to the jurisdiction, the plaintiff offered to prove by the deputy sheriff who had served the citation that when he handed it to the defendant he was in Alexandria, and not on the government reservation. The attorney for the defendant objected to the testimony on the ground that the written return on the citation could not be amplified by verbal testimony, and on the further ground that the plaintiff should not be allowed to contradict the allegation in his petition that the defendant was temporarily located at the United States Veterans' Hospital. The objection being overruled, the attorney for the defendant, under reservation of his objection, admitted that the defendant was in the city of Alexandria, and not on the government reservation, when the deputy sheriff handed him the citation and a copy of the petition. The district judge overruled the plea to the jurisdiction of the court. The defendant has invoked the supervisory powers of this court to forbid the district judge to proceed further with the case, and to compel him to dismiss it.

It is conceded by counsel for the plaintiff that the district court could not acquire jurisdiction to render a judgment against the defendant by service of citation upon him on the government reservation; and it is conceded by counsel for the defendant that, according to the fifth paragraph of article 165 of the Code of Practice, a district court of this state can obtain jurisdiction to render a personal judgment against a nonresident of the state by service of citation upon him personally within the territorial jurisdiction of the court. De Poret v. Gusman, 30 La. 930. The only question, therefore, is whether the testimony of the deputy sheriff who served the citation was admissible to prove that the defendant was in Alexandria, and not on the government reservation, when the citation was served. We agree with the district judge that the testimony was admissible. It did not contradict the allegation in the plaintiff's petition that the defendant was temporarily at the Veterans' Hospital, on the government reservation, when the suit was filed; and it was consistent with every statement made in the written return on the back of the citation. We doubt that the testimony was necessary, because the presumption would have prevailed—until it was denied—that the officer was within the territorial limits of his authority when he served the citation.

"In his return the sheriff need not name the parish of which he is sheriff; a sheriff cannot execute process out of the limits of his parish, and the presumption is, that the sheriff who executes and makes return on process is the legal and proper one, when the contrary is not alleged or shown." Kendrick's Heirs v. Kendrick, 19 La. 37.

"The rule that the acts of the sheriff must be evidenced by his official return, and not by the testimony of third parties who may be cognizant of them, does not exclude, in an action for nullity of judgment, parol testimony taken to support the citation as to collateral facts, not involving the actions of the sheriff, but existing independently of the return, and in regard to which the return was silent. Thus, where the sheriff returns that he has made the service upon the defendant, A. B., by delivering at his residence, six miles from the courthouse, at a certain time, certified copies of the petition and citation to his wife, Mrs. A. B. (A. B. being absent at the time from his residence), parol evidence is admissible to show affirmatively that A. B. had had but one residence, which was that where the service was made; that A. B. was a married man; that his wife was over 14 years of age; and that she resided with him." Baham v. Stewart Bros. & Co., 109 La. 999, 34 So. 54.

In rejecting an application for rehearing in Baham v. Stewart Bros. & Co., 109 La. 1010, 34 So. 58, it was said:

"The sheriff should himself state in his return upon whom he makes service, for that shows the act of the sheriff, but if, after reciting the fact that he had made the service upon a wife, he fails to say that she was apparently over 14 years of age, that fact could be established by any competent evidence dehors the return. Counsel fails to appreciate the difference between the existence of a thing and the evidence to establish it."

The decisions relied upon by the relator in this case are not altogether appropriate. In Harris v. Alexander, 1 Rob. 30, the defendant appealed from a judgment taken by default, and assigned as error patent on the face of the record that the sheriff's return, showing how the citation was served did not state that a copy of the petition was served. The statement by the court, therefore, that there could be no evidence of the service of the petition except the sheriff's return, had no reference to the question of admissibility of the testimony of the sheriff to amplify his return when the validity of the service was contested before issue joined. In Corcoran v. Riddell, 7 La. Ann. 268, it does not appear that testimony was offered to prove that the defendant was absent from his residence when the citation was served upon his wife there. The suit was an action to annul a judgment on the ground that the citation was not valid. In so far as the statement by the court that the validity of the judgment depended upon the sheriff's return on the citation "unaided by other evidence" cannot be reconciled with the subsequent ruling in Baham v. Stewart Bros. & Co., 109 La. 999, 34 So. 54, it must be considered overruled. The same may be said of certain expressions in Leblanc v. Perroux, 21 La. Ann. 26, which expressions were appropriate to that case but are not appropriate here. Gliddon v. Goos, 21 La. Ann. 682, was a suit to revive a judgment. On the trial of a peremptory exception to the effect that the plaintiff did not own the judgment, he offered testimony to show that a copy of the petition in the original suit was served upon the defendant in the suit to revive the judgment. The testimony was objected to by the defendant, and the objection was overruled. This court said that the objection should have been sustained, but said also that it was a matter of no importance, because there was no necessity for serving upon the defendant, in the action to revive the judgment, a copy of the petition in the original suit. In Wooldridge v. Monteuse, 27 La. Ann. 79, a proceeding by attachment of the property of a nonresident defendant was declared invalid because it appeared from the sheriff's return that he had not affixed copies of the writ and citation to the courtroom door. The decision is not at all appropriate to the present case. In Hobson v. Peake, 44 La. Ann. 384, 10 So. 762, the ruling was merely that a personal judgment obtained against an absentee by substituted service on a curator ad hoc, not accompanied by a seizure of property belonging to the defendant, was null for want of due process of law. The decision is not appropriate to the present case.

The relief prayed for by the relator is denied, and his petition for writs of prohibition and mandamus is dismissed.