No. 3309

Second Circuit

WALL v. GRAHAM ET AL.

(April 9, 1931.   Opinion and Decree.)

Reynolds, Hamiter & Hendrick, of Shreveport, attorneys for plaintiff, appellee.

Jos. H. Levy, of Shreveport, attorney for defendants, appellants.

DREW, J. Plaintiff sued on a promissory note made to plaintiff by R. D. Graham, and Mrs. R. D. Graham, for the sum of $933. It alleges that defendants are both residents of Caddo parish, Louisiana. Citation addressed to each of them accordingly was issued and personal service had on Mrs. R. D. Graham in Caddo parish, Louisiana, and domiciliary service on R. D. Graham.

Defendants excepted to the jurisdiction ratione materiae and ratione personae, alleging that the domicile of said defendants is in the city of Refugio, in the state of Texas. The plea to the jurisdiction was regularly fixed for trial and trial had thereon, the lower court sustaining the plea as to R. D. Graham and overruling it as to Mrs. R. D. Graham. Whereupon she filed an answer admitting her signature to the note. A rule to take judgment on the petition and answer was filed, fixed and tried, and resulted in the rule being made absolute and judgment rendered in favor of plaintiff and against Mrs. R. D. Graham, as prayed for, reserving all rights to plaintiff as against R. D. Graham. From this judgment Mrs. R. D. Graham has appealed.

Although the defendant urged other defenses in the lower court, in this court she has abandoned all defenses except her plea to the jurisdiction. Appellant in brief says:

"Mrs. Graham made quite an elaborate defense in the lower Court, as shown by her brief filed in the record, but she now relies solely on her plea to the jurisdiction in this Court and abandons all other defenses."

There is no doubt about Mrs. R. D. Graham's legal domicile being in the state of Texas, although she was in Caddo parish, Louisiana, about nine months out of each year teaching school. She was in Caddo parish, Louisiana, at the time she was cited and served in this suit.

Subdivision 5 of article 165 of the Code of Practice reads as follows:

"When the defendants are foreigners or have no known place of residence in the state, they may be cited wherever they are found."

This principle of law has been applied in the following cases: Amiss v. Bank, 9 Rob. 348; Perkins & Billiu v. Morgan, 27 La. Ann. 229; Stewart v. Litchenberg, 148 La. 195, 86 So. 734.

Mrs. Graham was therefore subject to the jurisdiction of the court of Caddo parish, Louisiana, and the plea to the jurisdiction was properly overruled.

Counsel for defendant argues that the form of citation was defective, and that Mrs. Graham, a non-resident, temporarily sojourning within the parish of Caddo, could not be brought into court on a petition alleging that she was a resident of Caddo parish, Louisiana, but that the petition and citation should have recited that she was a non-resident temporarily sojourning in Caddo parish, Louisiana. While we think little of the point raised, we are convinced that the question of improper citation should have been raised by an exception to the citation, and in this case no exception of that kind has ever been filed. To the contrary, a plea to the jurisdiction was filed and tried, and then an answer to the petition filed by defendant.

Defendant in answer admitted signing and making the note to plaintiff, and as all other defenses, except the plea to the jurisdiction, have been abandoned, the judgment of the lower court overruling the plea to the jurisdiction and awarding judgment to plaintiff and against Mrs. R. D. Graham, as prayed for, is correct.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with all costs.