## DAVIS v. SOUTHLAND INV. CO. et al.
### No. 4535.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

J. S. Pickett, of Many, and H. V. Booth, of Shreveport, for appellants.

Ponder & Ponder, of Many, for appellee.

MILLS, Judge.

The object of this is the annullment of a judgment rendered on a foreign judgment in the case of Southland Investment Co. v. A. B. Davis, No. 11156 on the docket of the eleventh judicial district court, for the parish of Sabine. Davis being a nonresident, the action was founded on a writ of attachment under which certain property of defendant was supposed to have been seized. The grounds of nullity urged are: (1) That the attachment bond is undated; (2) that the purported foreign judgment is not signed by any judge or official; (3) that there is no return on the writ of attachment showing that any action was taken on the writ, any property seized, or that the writ was served and posted as required by law; (4) that there being no return showing property seized, and defendant being admittedly a nonresident, the court was without jurisdiction to render any judgment.

The petition in the present action shows that plaintiff in the attachment suit is about to execute on the judgment obtained therein, and that a preliminary writ of injunction should issue, which, after due proceedings had, should be made permanent, restraining execution of the judgment alleged to be null and void. A temporary restraining order issued; defendant being ordered to show cause why a preliminary injunction should not issue. Defendant moved for its dissolution and also filed exception of no cause or right of action. It then answered, setting up the regularity of its foreign judgment and the proceedings which purported to make it executory in this state. It alleges that the sheriff did actually seize property of the defendant and asks damages for the illegal issuance of the restraining order.

The exception of no cause or right of action was overruled, and, after hearing, a preliminary injunction issued, from which judgment defendant took a devolutive appeal to this court. Counsel for plaintiff moved to dismiss this appeal because the transcript was incomplete in that the notes of evidence taken on the trial of the rule, as well as important and essential documents which had been filed in evidence, were not included in

the transcript through the fault of defendant. In the alternative plaintiff moved that the case be remanded to complete the transcript. Defendant also moved to remand.

In dismissing the appeal, this court said: "The motion to remand is overruled because there is no averment that the missing testimony has been transcribed or paid for, or is available to the clerk for inclusion in the transcript, and for the further reason that there is no certificate or affidavit from the clerk or any other person to show that appellant was not at fault." The opinion further states that: "Appellant has not filed a brief on the exception of no cause of action or the motion for continuance, neither have they been argued. We therefore presume both have been abandoned." (144 So. 150, 151).

After the dismissal of this appeal, the case was heard on the merits and judgment rendered perpetuating the injunction. From this judgment, defendant has again devolutively appealed.

After the last appeal and transcript was lodged in this court, defendant again moved to remand, alleging that the transcript is incomplete in that the original petition, writ of attachment, attachment bond, and certified copy of the judgment rendered in Harris county, Tex., filed in evidence in the instant case, had been omitted from the transcript through no fault of the mover; that all said documents were in the clerk's office when the transcript was prepared and were omitted through oversight of the clerk in whose possession the documents still are. Plaintiff again moves to dismiss on the ground that the failure to include the documents filed on the trial of the case is due to the fault of appellant.

The case was duly argued by counsel for defendant upon the motions and upon the merits; plaintiff submitting its case on brief.

Because of the omission of essential documents, it is impossible to pass upon the first and second grounds of nullity urged by the plaintiff. There is in the record, however, sufficient testimony and admissions to establish the fact that in the original attachment proceedings the sheriff made no return whatever upon the writ of attachment and has made none since, and that whatever writing appears upon its back was placed there by counsel for defendant after the rendition of the original judgment complained of, and after the institution of the present action of nullity. It is admitted that at the time of the rendition of the judgment attacked, the writ of attachment was not in the record and had not been returned by the sheriff to the clerk. Therefore, it is apparent that the judgment was rendered without any showing that any property had been seized or that citation had been made by posting, as required by law.

■ We think the exception of no cause of action was before the court on the original appeal, and that the dismissal of that appeal disposed of it and constitutes res judicata as to it.

■ Defendant on the trial of this case offered in evidence a citation and the return thereon served on the curator ad hoc. As such service is not sufficient to confer jurisdiction or constitute proper citation in an attachment suit against a nonresident, its exclusion upon objection was correct. Defendant also offered to file in evidence copy of notice of seizure, which was correctly excluded for the same reason. He also attempted to prove orally and by parol testimony of a deputy sheriff that he served citation and the writ of attachment by posting same on the bulletin board, as required by law. Upon objection, this attempt, in an independent and separate action to verbally prove citation and seizure in the prior suit, was properly overruled.

■ We then find that the record in the original attachment suit, at the time the judgment was rendered therein, contained no proof or showing whatever that any proper citation was made or property seized under the writ of attachment. As the attachment of property, as well as proper citation, is essential to confer jurisdiction, it is apparent upon the face of the record that the judgment was rendered without proper citation and by a court without such jurisdiction. This strikes the judgment with nullity under the provisions of article 606 of the Code of Practice. Collins v. McCook, 17 La. App. 415, 136 So. 204, and cases cited therein.

■ The rule is that the acts of the sheriff must be evidenced by his official return, and not by the testimony of third parties who may be cognizant of that. But this rule does not exclude, in an action for nullity of a judgment, parol testimony taken to support the citation as to collateral facts not involving the acts of the sheriff, but existing independently of the return and in regard to which the return is silent. Gamburg v. Ray, 167 La. 865, 120 So. 480, and cases cited therein.

The facts in this case do not bring it within the exception to the above rule. The motions to remand and to dismiss are accordingly overruled, and the judgment appealed from, being correct, is affirmed.