## UNION CITY TRANSFER v. FIELDS.

### No. 2178.

Court of Appeal of Louisiana. First Circuit.

Dec. 12, 1940.

Rehearing Denied Jan. 14, 1941.

Plauche & Plauche, of Lake Charles, and John H. Benckenstein, of Beaumont, Tex., for appellant.

Pugh, Lanier & Pugh, of Thibodaux, for appellee.

DORE, Judge.

Plaintiff, a partnership composed of four persons having their domicile in the State of Texas, and doing business as such in the State of Texas, brings this suit on an ordinary promissory note and executed by the defendant, in its favor for the sum of $634.89, with interest thereon at the rate of eight per centum per annum from Feb. 24, 1939, and ten per centum additional up-. on the aggregate of the principal and interest as attorney's fees. The note, according to plaintiff's petition, was executed and dated February 24, 1939, in the State of Texas and made payable in said State on April 24, 1939, giving the address of the defendant as 614 National Standard Bldg., Houston, Texas.

It is alleged in the petition that the defendant is a resident of the Parish of Lafourche, Louisiana. The suit was filed on July 19, 1939, and the defendant was personally served with citation in Lafourche Parish on July 20, 1939. Defendant appeared and filed an exception to the jurisdiction of the court, ratione personae, on the ground that he is domiciled in the City of Houston, State of Texas.

Confronted with the plea of lack of jurisdiction contrary to the allegations of residence in Lafourche Parish, plaintiff filed a motion to have this exception overruled and stricken from the record and the case proceeded with, a procedure foreign to our practice. This motion was based on the ground that, as it appears from the exception that defendant is a resident of Houston, Texas, and as it appears from the return of the service of citation that he was found and served within the Parish of Lafourche, the service of citation being regular and proper, the court of that parish had jurisdiction of the case under Article 165, paragraph 5, Code of Practice. This motion was submitted to the court on briefs. The court denied the motion of plaintiff for the reason that the defendant should have "an opportunity to support and substantiate his exception." To this ruling of the court, plaintiff excepted. The action of the court had the effect of leaving the exception still pending.

Subsequently, counsel for plaintiff admitted that defendant could establish the fact that he, defendant, was domiciled in and was a resident of the City of Houston but was temporarily in Lafourche Parish, Louisiana. Upon this admission, the exception to the jurisdiction of the court was submitted; the exception was sustained and plaintiff's suit was dismissed. Plaintiff has appealed from the ruling, denying its motion to expunge the exception and also from the judgment sustaining the exception to the jurisdiction and dismissing its suit.

The only question presented to us is whether or not a non-resident plaintiff may sue a non-resident defendant temporarily in this State on a cause of action incurred in and to be executed in the State of the domicile of both parties, by citing the defendant personally in this State.

Article 162 of the Code of Practice provides that "it is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law." One of these exceptions is contained in Code of Practice, Article 165, Subdivision 5, which provides: "When the defendants are foreigners or have no known place of residence in the State, they may be cited wherever they are found."

There is no doubt but that a resident of this State can sue a non-resident on any cause of action if personal service of citation can be obtained on the non-resident defendant anywhere in the State and secure a personal judgment against such non-resident under Article 165, Subdivision 5, of the Code of Practice. DePoret v. Gusman et al., 30 La.Ann. 930; Wall v. Graham, 16 La.App. 141, 133 So. 511; Gamburg v. Ray, 167 La. 865, 120 So. 480.

There seems to be considerable doubt as to whether a non-resident plaintiff can come into the courts of this State and

sue another non-resident on a cause of action arising and payable out of this State by obtaining personal service of citation on a non-resident of this State while temporarily in this State. The Supreme Court in the case of Stewart v. Litchenberg (In re Litchenberg), 148 La. 195, 86 So. 734, 736, had this matter under consideration and held that the provisions of the Code of Practice, Article 165, Subdivision 5, are for the benefit of residents and do not give non-residents an unqualified right to have the state courts take jurisdiction of their transitory actions, though personal service is had within the State. The Supreme Court further held that, in case personal service of citation be obtained, the courts of this State may, in its discretion, take jurisdiction of the matter between citizens of another State or other States, under the rules of comity, where it is possible to do complete justice between the parties. But when it appears that the courts of this State may not be capable of doing complete justice between the parties on account of the want of knowledge of the laws of the State, or where the amount is small, and the defendant will be subjected to great and unnecessary expense and inconvenience, the courts may decline jurisdiction. We interpret that decision as leaving it to the discretion of the presiding judge as to whether or not he shall entertain jurisdiction.

Plaintiff contends that there are no factors or circumstances present in this case to justify the lower court to decline jurisdiction; in effect, it contends that the lower court abused its discretion. It argues that the State of Texas has the same laws as this State relative to negotiable instruments, having adopted, the "Uniform Negotiable Instrument Act" and refers the court to Vernon's Texas Civil Statutes 1936, Articles 5932–5948, and Act No. 64 of 1904 by the State of Louisiana. It may be that the lower court found itself in the same position as this court finds itself, lacking the Texas Statutes for comparison. It cannot but be said that the amount is small, that is $634.39. The law providing for interest and attorney's fees may be different from our law. Suffice it to say that the lower court did not give any reasons why he declined jurisdiction but from the above

comments, we cannot say that he has abused that discretion vested in him by the Supreme Court in the case of Stewart v. Litchenberg, supra.

Plaintiff further contends that to construe and to hold that under Code of Practice, Article 165, Subdivision 5, as did the District Judge, that plaintiff cannot bring this action as well as a resident of this State is in contravention of Article 4, Section 2 of the Constitution of the United States which reads as follows: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

From a close examination of the record, we do not find wherein plaintiff relied on this contention in the lower court, and since it appears that this is a new contention of plaintiff, we have serious doubts as to whether or not we can or should consider it.

Again referring to the Litchenberg decision, we are impressed by the statement of the court as follows: "We are also equally of the opinion that it was not intended to permit foreigners or citizens of other states, in no way owing allegiance to this state or its laws to invoke the offices of our courts in determining controversies between them and other foreigners or nonresidents at their pleasure, when they have their adequate remedy in their own courts or those of their adversaries."

There are abundant decisions upholding plaintiff's contention reviewed in 32 A.L.R., beginning at page 12; however, as it will appear from the same volume, beginning at page 33, many courts have declined to take jurisdiction of the case where both plaintiff and defendant are non-residents of the State and the suit is brought on a transitory or personal action, among them being the case of Stewart v. Litchenberg, supra.

Whatever may be the holding of other courts, and regardless of the constitutional question involved, we must rely on the ruling of our Supreme Court in the cited case until and unless that ruling is changed or modified by our Supreme Court, and following that decision and finding no abuse of the discretion by the lower court, we are of the opinion that the judgment appealed from is correct, and it is therefore affirmed.