AYRES, Judge.
The plaintiff, a Louisiana insurance corporation, domiciled in East Baton Rouge Parish, Louisiana, as subrogee of Albert B. Tipps, by virtue of a collision insurance policy issued by it, brought this action in tort against the defendant, a non-resident of the State of Louisiana, who, although present in the State of Louisiana, has his legal residence and domicile in the State of Connecticut.
The alleged cause of action arose out of a collision which occurred in Natchitoches Parish, Louisiana, between a truck owned by Tipps and an automobile owned and driven at the time by the defendant. The defendant was a member of the United States Air Force and was stationed at the Alexandria Air Force Base in Rapides Parish, Louisiana. Suit was instituted in said Parish and the defendant was personally served and cited therein and within the jurisdiction of the Ninth Judicial District Court for said Parish.
The defendant excepted to plaintiff’s petition for the reasons that he is a resident of and domiciled in East Hampton, Mid-dlesex County, State of Connecticut, and, hence, is not subject to the jurisdiction ratione personas of the Ninth Judicial District Court in and for Rapides Parish. After trial of this exception, it was sustained and plaintiff’s suit dismissed, and from the judgment thus rendered and signed, plaintiff appealed.
Defendant’s position is that under the provisions of Code of Practice, Article 165 subd. 9, and LSA-R.S. 13:3474, he must be sued either in the parish where the accident happened or at the domicile of the Secretary of State of the State of Louisiana. The general rule is that a defendant must be sued at his residence or domicile, as provided by Code of Practice, Article 162, which reads as follows:
“It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicil or residence, and shall not be permitted to elect any other domicil or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law.”
This article necessarily, of course, applies to those whose residences or domiciles are within the State.
After providing in Articles 163 and 164 exceptions to the general rule in matters of real actions and successions, the Code of Practice further provides additional exceptions under Article 165. Paragraph 9 of that article, relied upon by defendant, concerns the general topic of trespass. This paragraph reads:
“In all cases where any person, firm or domestic or foreign corporation shall commit trespass, or do anything for which an action for damage lies or where any domestic or foreign corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at *55 •the domicil of such person, firm or corporation.” (Emphasis supplied.)
However, plaintiff relies upon Paragraph 5 of Article 165 of the Code of Practice, ■which provides:
“When the defendants are foreigners ■or have no known place of residence in .the state, they may he cited wherever .they are found.”
But as to this, defendant contends it was not the legislative intent in enacting Paragraph 5 of Article 165 of the Code of Practice to establish a new forum for the trial of actions but merely intended to provide a means for citing or notifying defendants of actions pending against them and citing them to appear before the proper tribunal. With this contention we cannot ■agree. The article referred to is in the section of the Code of Practice dealing with jurisdiction and venue. The title of the article itself is “Additional exceptions to rule of domicil.” The purposes and intent of this article are to provide exceptions to the general rule set forth in Article 162. For instance, it begins as follows:
“Additional exceptions to rule of domicil. — There are other exceptions to this rule which require that the defendant be sued before the judge having jurisdiction over the place of dom-icil or residence * * *.” (Emphasis supplied.)
Then, in numerical order, appears Paragraph 5, entitled “Foreigners and Those Having No Known Place of Residence.” There follows the provision that they may he cited wherever they are found. Admittedly, defendant is within the class or category designated as foreigners within the intent and purpose of this article. He is stationed in Rapides Parish, Louisiana, where he was cited, but, as noted, the defendant contends that the word “cited” is to be distinguished from the word “sued”. The two words when used in this article are synonymous and mean that the defendant may be sued, served and cited to appear and required to answer in the parish in 'which he is found.
The purpose of Article 165 is, as stated, to provide additional exceptions to the rule of domicile. In Paragraph 6 of the article, relative to joint or solidary obligors, it is provided:
“When the defendants are joint or solidary obligors, they may be cited at the domicil of any one of them.”
The word “cited” is also used in Paragraph 2 concerning partnership. In only Paragraph 9, concerning trespass, and Paragraph 10, relative to insurance, are the words “may be sued” used. In all other Paragraphs, from 1 to 8, inclusive, words and/or phrases of equivalent meaning and import are used.
In Gamburg v. Ray, 167 La. 865, 120 So. 480, 481, Chief Justice O’Niell, as the author of the opinion for the Supreme Court, stated the facts of that case, revealing a situation identical with the facts of this case, except it was there contended that the first citation served was made upon defendant on a government reservation, where the court had no jurisdiction. That contention is not made here. The opinion states:
“The plaintiff sued in the district court, in Rapides parish, alleging that the defendant was a resident of the State of Kentucky and was temporarily at the United States Veterans’ Hospital, in Rapides parish. The suit is for a personal judgment against the defendant for $5,334.43, for an alleged breach of contract. The defendant pleaded that the court had not jurisdiction, averring that he was a citizen and resident of Louisville, Ky., and was then only temporarily at the United States Veterans’ Hospital, on the government reservation, over which the state courts had not jurisdiction.”
Following this statement the court quoted with approval counsel’s concession that, according to the fifth paragraph of Article 165 of the Code of Practice, a district court of this State can obtain jurisdiction to render a personal judgment against a non-resident of the State by service of citation upon him personally within the territorial jurisdiction *56 of the court, citing De Poret v. Gusman, 30 La.Ann. 930.
It was likewise stated by the Court of Appeal for the First Circuit in Union City Transfer v. Fields, 199 So. 206, 207:
“There is no doubt but that a resident of this State can sue a non-resident on any cause of action if personal service of citation can be obtained on the nonresident defendant anywhere in the State and secure a personal judgment against such non-resident under Article 165, Subdivision 5, of the Code of Practice. De Poret v. Gusman et al., 30 La.Ann. 930; Wall v. Graham, 16 La.App. 141, 133 So. 511; Gamburg v. Ray, 167 La. 865, 120 So. 480.’’
The non-resident motorists’ statute, LSA-R.S. 13:3474 to 13:3475, does not provide an exception in defendant’s. favor. This section has nothing to do with jurisdiction ratione personse. It is contained in the section of the Revised Statutes dealing with the service of process. It merely provides a method whereby service may be made on non-resident motorists who are not in the state at the time suit is filed. It provides for service on the Secretary of State and that such service is equivalent to personal service on the non-resident motorist.
Section 3 of Act 86 of 1928, LSA-R.S. 13:3474 note, which was the source of the aforesaid Statute, provided that the Act should not be construed as affecting “other methods of process against non-residents as now provided by existing laws”. The original Act, as amended, says nothing about where a suit thereunder shall be filed other than in the state, and presumably the intention was to allow other provisions of the State law to govern. We find, therefore, no inconsistency with the provisions of the Statute relied upon and Paragraph 5 of Article 165 of the Code of Practice.
It is our conclusion that, inasmuch as the defendant is a non-resident of the State of Louisiana but temporarily resides in Rapides Parish, Louisiana, and within the jurisdiction of the Ninth Judicial District Court thereof, Paragraph 5 of Article 165 of the Code of Practice is applicable and the judgment sustaining the plea to the jurisdiction of the court was erroneous, notwithstanding the non-resident motorists’ statute could have been invoked by plaintiff at his discretion and the action instituted in the parish where the accident occurred.
For the reasons assigned, the judgment appealed is rescinded, annulled, reversed and set aside, and there is now judgment overruling the exception or plea to the jurisdiction ratione personas, and the case is remanded to the Ninth Judicial District Court for Rapides Parish, Louisiana, for further proceedings in accordance with'law. Appellee is cast for the cost of this appeal; all other costs are to await final determination of this cause.
Reversed and remanded.