No. 638.—GEORGE GLIDDON et al. v. DANIEL GOOS.

Parol evidence is inadmissible to prove a service of citation or copy of petition.

APPEAL from the Eighth Judicial District Court, parish of Calcasieu.
Bailey, J. Louis Lereque for plaintiff and appellee, George H.
Wells for defendant and appellant.

TALIAFERRO, J. This is a suit to revive a judgment.

The defendant, by his counsel, filed a peremptory exception, alleging
that plaintiffs have no cause of action because the plaintiffs do not
aver that they are the owners of the judgment sought to be revived,
nor that defendant is indebted to them. He further excepts that no
authority is shown in John S. Walton, who, in the petition, purports
to act as the agent of the other plaintiffs.

The exception we think was correctly overruled.

The petition, in respect to the parties named as plaintiffs, is to some
extent indistinct, but it is sufficiently clear who are the parties suing
and the purpose for which they sue. The petition is that of Gliddon,
Palmer, McLean and Elizabeth Clark, of the parish of Orleans, and of
Walton, of the city of New Orleans "agent and attorney in fact" of
the four persons named. These parties, as plaintiffs, aver that "on
the twenty-seventh of March, 1858, the said plaintiffs herein, Glid-
don, Palmer, McLean and Elizabeth Clark, in this court obtained a
final judgment against the defendant for $1250," etc.; that "they are
desirous of having the said judgment revived in the manner and form
prescribed by law," "wherefore, the premises considered, your peti-
tioners pray," etc. Here we think is an allegation of a sufficient right
to ask for the revival of the judgment. The addition of the name of
Walton, the attorney in fact, as a party plaintiff, to those of his

George Gliddon et al. v. Daniel Goos.

principals may be regarded as surplusage. The four parties named were the original plaintiffs in the suit of March 27, 1858, in which they obtained the judgment which they now seek to revive. The same plaintiffs now pray for a revival of the judgment. Appearing themselves for that purpose, the name of the attorney in fact in the petition, with theirs is nugatory. He sets up no right or interest in the judgment. The matter is entirely between the defendant and the same parties who obtained the original judgment against him. *Utile per inutile vitiatur.*

On the trial of the exception the defendant's counsel objected to the introduction of witnesses to prove that at the time copies of the petition and citation were served on the defendant there was also served upon him a copy of the petition in the suit of March 27, 1858. He further objected to the proof by parol, of the service of such copy, as its service, if made, could only be shown by the return, in writing, of the officer who served it. The objections were overruled, the testimony admitted and the defendant reserved his bill of exceptions. The exception should have been sustained. The evidence, however, is immaterial to the issue.

The plaintiffs on the trial of the exception introduced the original petition, the one in the suit of March 27, 1858, to show identity of parties. There was no necessity to show that a copy of it had been served upon the defendant. On the merits the case is with the plaintiffs. Their case is fully made out and judgment was rendered in their favor. The bill of exceptions taken on the trial on the merits contains matter in substance the same as that embraced by the previous exceptions and was properly overruled.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.