(71 South. 364)

No. 20725.

TEAL v. PHILADELPHIA & G. S. S. CO.

(March 20, 1916.)

*(Syllabus by the Court.)*

1. CORPORATIONS ☞668(1) — PROCESS—SERVICE—SUFFICIENCY.

Where a copy of a citation addressed to a foreign corporation, through its authorized agent in New Orleans, was, according to the sheriff's return thereon, personally served on a certain named person, who was not, and never had been, the agent of the defendant, *held*, that the service was a nullity as to the defendant and its former agent intended to have been served.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2606, 2618; Dec. Dig. ☞668(1).]

2. PROCESS ☞146—SERVICE—PROOF—RETURN.

Service of citation must be proved by the sheriff's return, and not otherwise.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 200; Dec. Dig. ☞146.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge. ,

Action by Theodore Teal against the Philadelphia & Gulf Steamship Company. From a judgment discharging a rule by plaintiff to show cause why service of citation should not be considered valid, plaintiff appeals. Affirmed.

M. O. Scharff and Rene A. Viosca, both of New Orleans, for appellant. Edward Rightor, of New Orleans, for appellee.

LAND, J. This is a suit for damages for personal injuries alleged to have been sustained on or about August 25, 1912, by the plaintiff, while working as a hatchman on one of the defendant's vessels in the port of New Orleans. The petition, filed on June 18, 1913, described the defendant as a corporation of the state of Delaware, having its principal place of business in Philadelphia, in the state of Pennsylvania, and doing business in the state of Louisiana, with an office and agent in the city of New Orleans. Plaintiff prayed that defendant be duly cited through its authorized local agent to appear and answer the petition, and be served with a copy thereof. The petition did not give the name of the agent or the location of the office.

Citation was issued, and, according to the return thereon, a copy of the citation and accompanying petition was served on F. M. Knight, defendant's authorized local agent in this state.

Whereupon came Frank Knight through counsel, and averred that service had been made upon him, and that he was neither an officer, agent, or employé of the defendant company.

Thereupon the plaintiff took a rule on the said Frank Knight to show cause why N. F. Knight should not be considered the duly authorized agent of the defendant company for the state of Louisiana, and why the service made on N. F. Knight should not be considered valid and legal service on the defendant company according to law.

The rule was tried and discharged by judgment of the court, from which the plaintiff has appealed.

The evidence adduced on the trial of the rule showed that the citation was served on Frank Knight, son of N. F. Knight, and the latter testified that he no longer was the agent of the defendant company, which prior to the suit had gone into the hands of a receiver, and had ceased doing business in this state. Mr. Knight further testified that he was the general agent of another company, and that his son, Frank Knight, was working for him.

[1] It is obvious that the judge a quo in a rule against Frank Knight could not give any judgment that would affect N. F. Knight or the defendant corporation.

Plaintiffs' counsel say in their brief:

"The corporation discontinued its local office before the institution of this suit, but did not give any notice of the revocation of the powers of its agent, N. F. Knight, whose name had been filed with the secretary of state as agent for Louisiana."

Counsel argue that, despite the discontinuance of its local office, and the consequent discharge of its local agent, the office and agency continued for the purposes of suit against the defendant. Counsel admits that this court has held that no judgment in personam can be rendered against a foreign corporation which has ceased to do business in this state, and has left no agent here. Gouner v. Missouri Valley Bridge & Iron Co., 123 La. 964, 49 South. 657. Counsel cite authorities to show that the Gouner Case was incorrectly decided. We find it unnecessary, however, to consider this very interesting question of law, because in this suit the former agent of the defendant was not cited, and was not made a party to the rule to show cause. The sheriff's return shows per-

sonal service on F. M. Knight, the authorized local agent of the defendant. The citation was not served on N. F. Knight, the former agent of the defendant.

[2] Service of citation must be proved by the sheriff's return, not by parol evidence. Gliddon v. Goos, 21 La. Ann. 682; Le Blanc v. Perroux, 21 La. Ann. 26; Harris v. Alexander, 1 Rob. 30; Hobson v. Peake, 44 La. Ann. 387, 10 South. 762. So it is useless for counsel to argue that the service was an office service, made on a former employé of the defendant who had continued in the service of its former agent.

Judgment affirmed.