TATE, Judge.
Supervisory writs were granted to review the trial court’s failure to enjoin a sheriff’s sale under a writ of fieri facias. The relator-defendant alleges she is entitled to injunctive relief because the judgment sought to be executed against her is absolutely null (see LSA-CCP Art. 2298(4)), since on the face of the record there was no citation and service of the petition (see LSA-CCP Art. 1201).
The principal thrust of the relator’s complaint is that the trial court erred in admitting parol evidence to prove service of the petition and citation when no official return had ever been executed proving such.
The trial court found the following facts:
The plaintiff and seizing creditor (“GM AC”) filed via ordinaria its petition for judgment and recognition of its chattel mortgage. The petition also requested issuance of a writ of sequestration of the mortgaged automobile. The clerk’s office issued the citation, the writ of sequestration, and a notice of the sequestration to be served upon the defendant car owner, Mrs. Guidry.
When the deputy sheriff made service upon Mrs. Guidry, he left with her all these pleadings, including both the citation to appear and answer the petition (LSA-CCP Art. 1202), and also the duplicate copy upon which he should have endorsed his return showing service (LSA-CCP Art. 1292) ,[1] The deputy sheriff never completed a return showing service of the petition and citation.
On the back of a duplicate copy of.the “Notice of Sequestration”, however, the serving deputy did endorse that he had received the “within Notice of Sequestration’’ and served it on the defendant.
The defendant Mrs. Guidry entered a general objection as to any parol evidence as to proof of service of the suit’s petition and of the citation (Tr. 104), contending that the sheriff’s return (LSA-R.S. 13:3471 *186 (S) ) [2] or the sheriff’s entry book with notations of service (LSA-R.S. 13:3471(7))[3] were the best methods by which such service and citation could be proved.
There was no such entry ever made in any of the sheriff’s records of the service of the petition and of the citation to answer such. As previously stated, the only sheriff’s return in the record states only that the “Notice of Sequestration” was served upon the defendant Guidry — to repeat, there is no return showing that the petition and citation were served.
Under the trial court’s findings of fact, we think that as a matter of law an injunction should have been issued enjoining execution under a judgment null on its face.
A judgment is absolutely null without citation and service. LSA-CCP Art. 1201. It is true that a return of the process as distinguished from the citation or process itself is only evidence that the defendant has been served or given notice to appear in court. Adler v. Board of Levee Commissioners of Orleans Levee District, 168 La. 877, 123 So. 60S; Weldon v. Gandy, La.App., 195 So. 655; Dickey v. Pollock, La.App. 2 Cir., 183 So. 48; see also 72 C.J.S. Process § 90, pp. 1128, 1129. However, under the Louisiana jurisprudence citation must be proved by the sheriff’s return alone, and parol evidence is inadmissible to prove that the petition and citation were served. Teal v. Philadelphia & G. S. S. Co., 139 La. 194, 71 So. 364; Wooldridge v. Monteuse, 27 La.Ann. 79 (1875); Harris v. Alexander, 1 Rob. 30 (1841); Gliddon v. Goos, 21 La.Ann. 682 (1869). See also 72 C.J.S. Process § 90 b, p. 1129.
The official records, as well as the trial court’s findings from the parol evidence offered, show that in fact no sheriff’s return was ever completed showing citation and service of the petition. Such cannot be proved by parol evidence (at least when objected to, as here), and the judgment is absolutely null in the absence of citation and service, LSA-CCP Art. 1201.
The statutes relied upon as authority to-prove that service and citation was in fact made are inapplicable. LSA-CCP Art. 1292 (see Footnote 1 above) authorizes, upon a proper showing, amendment of “proof of service” of a given process (here, the-petition and citation); but here no return or proof of service of the petition and citation was ever executed: there can be no-“amendment” of a non-existent return. Likewise, although LSA-R.S. 13:3471(5} (see Footnote 2 above) authorizes “correction” of an error in a return, here there is no return of the service of the petition and citation to be “corrected”. Also, while LSA-R.S. 13:3471(7) (see Footnote 3 above) authorizes proof of service of process from the sheriff’s regular entry book “[i]f the original return is lost or destroyed”; here, not only was there no entry made, but, also, under the (inadmissi *187 ble) evidence of service and citation most favorable to the seizing creditor, there was in fact never any “original return” actually made, the “loss” or “destruction” of which might be proved by the sheriff’s entry book.
For these reasons therefore, we conclude that parol evidence was not admissible to prove service of the petition and ■citation, since no official return was ever •completed showing that such service had been made. In the absence of valid proof •of citation and service, the judgment of March 26, 1964, in favor of the plaintiff GMAC (by virtue of which execution issued) is an absolute nullity. LSA-CCP Art. 1201. The defendant Mrs. Guidry is therefore entitled to injunctive relief preventing execution sale under this null judgment. LSA-CCP Art. 2298(4), The trial court erred in refusing same, and the defendant is entitled to supervisory orders recognizing her right to this relief, as prayed for by these supervisory writs.
We should note that Mrs. Guidry’s petition for injunctive relief also prays for ■other relief such as damages; these are not now before us, although of course they may be asserted by appropriate pleadings upon the remand. Likewise, as pointed out .by counsel for the plaintiff-respondent, upon our holding that the original default judgment herein was an absolute nullity and ordering injunctive relief to prevent its enforcement, the main suit is not itself •dismissed but, upon our remand, remains pending for further proceedings, with its ■status reverting to that as of its filing and the valid issuance and service of a sequestration; the plaintiff may, if it wishes, pursue a judgment on the merits, if a valid service of the petition and citation is made.
Accordingly, for the reasons above stated, we reverse the trial judgment of April 12, 1965, dismissing the defendant Mrs. Guidry’s demand for injunctive relief; and
It is ordered that the Honorable Charles T. Everett, District Judge of the Fifteenth Judicial District Court, grant an injunction prohibiting and restraining the plaintiff General Motors Acceptance Corporation and the Honorable Sheriff of Vermilion Parish from holding execution sale under writ of fieri facias issued under judgment of March 26, 1964, in the suit entitled General Motors Acceptance Corporation v. Mrs. Raoul Guidry, Civil Docket No. 24,-494, Fifteenth Judicial District Court, Vermilion Parish, Louisiana.
These proceedings are remanded for further action in the trial court not inconsistent with the views herein expressed. The plaintiff-respondent is to pay all costs incurred to date in connection with the defendant’s claim for injunctive relief, as well as all costs of these supervisory proceedings; all other costs are to wait the final disposition of these proceedings.
Reversed and remanded.

. LSA-COP Art. 1292: “The sheriff shall endorse on a copy of a citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may- allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.” (Italics ours.)

. LSA-R.S. 13:3471(5): “The return of the serving officer of any citation or other legal process is conclusive, unless directly attacked. Such an attack may be made by rule in the action or proceeding, if made prior to judgment. If made after judgment, the return may be attacked only in a direct action to annul the judgment, which may be brought in the original action or proceeding.
“If the defendant was actually served, the court may correct an error in the Return by an amendment thereof, on a rule brought against and tried contradictorily with the defendant who was served, or any other party who may be affected by the amendment.”

. LSA-R.S. 13:3471(7) : “Service of process by a sheriff or constable shall be returned into the court which issued the process as soon as possible after the service is made. In addition thereto, the serving officer shall keep a complete record thereof in a book specially provided for that purpose. If the original return is lost or destroyed, the entries in this book shall be received and recognized in lieu thereof, subject to the provision of R.S. 13:3471(5). As amended Acts 1954, No. 142, § 1; Acts 1960, No. 32, § 1.”