334 So.2d 460 (1976)
HOOD MOTOR COMPANY, INC., Plaintiff-Appellee,
v.
James W. LAWRENCE, Defendant-Appellant.
No. 10047.
Court of Appeal of Louisiana, First Circuit.
May 24, 1976.
Rehearing Denied June 30, 1976.
Writ Refused October 20, 1976.
*461 Thomas L. Giraud, New Orleans, for defendant-appellant.
Joseph H. Simpson, Amite, for plaintiffappellee.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
SARTAIN, Judge.
This is a suit for a deficiency judgment following the seizure and sale under executory process of a 1969 Chevrolet automobile. When this matter was first before us (La.App., 307 So.2d 143) we held that C.C.P. Art. 2083, permitting the Clerk of Court to sign an order for executory process, was violative of the Federal Due Process Requirement of Judicial Control of Ex Parte Seizures. The Supreme Court of Louisiana (320 So.2d 111) reversed and remanded.
The sole issue now presented is appellant's claim that (1) he was not served with the notices of seizure and to appoint an appraiser, and (2) that the Sheriff's return indicating such service is fatally defective. We affirm.
With respect to whether defendant was actually served the copy of the notice in the executory proceeding, we have the testimony of the defendant that he was not. According to him, the first time he had knowledge that any legal proceedings had been instituted against him was when he was served with a copy of the petition for a deficiency judgment.
When the issue was raised, counsel for plaintiff offered in evidence the Sheriff's return itself, nothing more.
The return of a citation or other process is prima facie evidence of service. Smith v. Crescent Chevrolet Company, 1 So.2d 421 (1st La.App., 1941), Martinez v. Silverman, 288 So.2d 88 (4th La.App., 1974). These returns, when properly attested to, are given great weight and the burden rests on the party attacking them *462 to establish their incorrectness. This burden can only be met by a clear and convincing proof that the endorsements contained thereon are erroneous. Our settled law is that a return can not be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer. Smith v. Crescent, supra; Martinez v. Silverman, supra; Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4 (1957); Guedry Finance Co. v. Breland, 192 So.2d 884 (4th La.App., 1966); Sims v. First National Bank of Ruston, 177 La. 386, 148 So. 505 (1933); Logwood v. Logwood, 185 La. 1, 168 So. 310 (1936). Considering the above law and after reviewing defendant's totally uncorroborated testimony that he was not served, it is abundantly clear that defendant has failed to bear the burden of proving that he was not served.
Defendant's second and remaining contention is that the return itself is so defective that it must be voided.
The return in question reads as follows:
"PERSONAL SERVICE
I CERTIFY that on the 5 day of April 19___, I served a certified Copy of the within Notice of Seizure and Notice to appoint an Appraiser, on James Lawrence Defendant herein named, IN PERSON, in the Town of Roseland, Parish of Tangipahoa, State of Louisiana, about 6 miles from the Court House of this Parish, and make this my return, this 5 day of April 1973.
/s/ Walker
Sheriff of the Parish of Tangipahoa,
 State of La."
Thus, the return is blank for the year following the day (5) and month (April) as shown on the first line of the return. It is this omission (the year) that defendant argues renders totally void not only the return but also the service upon the defendant and the judgment based thereon.
He relies principally on General Motors Acceptance Corporation v. Guidry, 177 So. 2d 184 (3rd La.App., 1965).
Defendant argues that the absence of the year on the first line of the return fails to comply with C.C.P. Arts. 324[1] and 1292.[2] However, we feel that these articles should also be considered along with R.S. 13:3471 (5), which reads:
(5) The return of the serving officer on any citation or other legal process is conclusive, unless directly attacked. Such an attack may be made by rule in the action or proceeding, if made prior to judgment. If made after judgment, the return may be attacked only in a direct action to annul the judgment, which may be brought in the original action or proceeding.
If the defendant was actually served, the court may correct an error in the return by an amendment thereof, on a rule brought against and tried contradictorily with the defendant who was served, or any other party who may be affected by the amendment.
In Baham v. Stewart Bros. & Co., 109 La. 999, 34 So. 54, 56 (1903), the court stated:
The citation itself is the important legal fact upon which the validity of the *463 judgment rests, while the return is simply "evidence" in respect to that fact.
If the sheriff, through inadvertence, negligence, or ignorance, fails to make the recitals which properly should have been made, but, none the less, plaintiff's counsel and the court act upon it, and judgment is rendered upon it, the defendant on appeal is authorized to take advantage of the mere absence of these recitals, and have the judgment set aside as having been rendered upon insufficient evidence as to the fact of citation; the whole subject-matter of citation in that case being apparent upon the return. But where the defendant, instead of appealing, has recourse to an action of nullity, he must leave the mere recitals of the return which the court below dealt with merely as an evidence of the facts connected with the citation. He must go back of the return of the sheriff, and attack and tender an issue as to the existence of the facts which the law made necessary to constitute a citation. He may still use the sheriff's return and its recitals as evidence in aid of his claim that no citation had been made, but that return, with its recitals, no longer has the force and effect which it would have had, had the objection been raised on appeal. The plaintiff may be in a position, when the attack is made upon the citation itself, to meet the attack, rebut it, and sustain the citation. Whether he will be able to do this will depend upon the facts of each special case.
We view R.S. 13:3471(5), above, as reflective of the language quoted above from Baham. The first paragraph of Section (5) pretermits the issue of service and relates directly to an attack on the return itself. If prior to judgment, such an attack may be made by rule. If after judgment, the return may be attacked only in a direct action. If brought prior to judgment and by rule, the court may correct an error in the return by permitting an amendment thereto.
C.C.P. Arts. 324 and 1292 relate generally to the duties and responsibilities of sheriffs and particularly to their returns. The elements of "date, place, and method" of service are required to be placed on the return not to lend to that return any greater degree of validity but primarily to assure that the service it relects is a valid one. This is so because there can be a valid service and an irregular return. It is the invalidity of the service that vitiates jurisdiction. The return is nothing more than a certification (endersement) that all of the requirements essential to a valid service have been made. If the return is the sole evidence as to whether these requirements have been satisfied and that return fails to reflect an essential requirement, then it follows that you have an invalid service.
We find nothing inconsistent with the holding in General Motors Acceptance Corporation, above, Baham, above, and the cited articles and statute. In General Motors Acceptance Corporation, above, there was no return, hence there was no evidence in the record on the fact of service.
We must construe defendant's position as being an attack on the service itself, this issue was not raised by a direct action to impeach the return. Viewed in this light, we look to the return for the purpose of determining whether that return itself is sufficient to support a finding of service. We think it does.
Obviously, the year of service was left blank. However, the certificate itself shows that on the same calendar date (April 5) the sheriff signed the same. It is evident that the omission of the year was an inadvertent oversight. It could not have been the year before, suit was not filed. It could not have been the next year, the proceeding was over. To view it otherwise than the same year as at the bottom of the return (1973) would stretch the most technical of minds.
For these reasons, the judgment appealed is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The sheriff shall make a return to the issuing court on citations, summons, subpoenas, notices, and other process, and on writs, mandates, orders, and judgments, showing the date on which and the manner in which they were served or executed.
[2] The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.