CHIASSON, Judge.
This is an appeal of a judgment of the District Court granting summary judgment *526 in favor of the Morgan City Bank & Trust Company, plaintiff-appellee, and against Luana Thiel Jambois, defendant-appellant, reviving a money judgment against the appellant.
Article 966 of the Code of Civil Procedure provides in part:
“The (summary) judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Article 2031 of the Code of Civil Procedure provides in part:
“A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived.”
Article 2002 of the Code of Civil Procedure provides:
“A final judgment shall be annulled if it is rendered:
“(1) Against an incompetent person not represented as required by law;
“(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
“(3) By a court which does not have jurisdiction over the subject matter of the suit.
“Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.”
The appellant has filed affidavits which state that in the original action upon which the judgment sought to be revived is based, she was not served with process as required by law and did not put in a general appearance.
While the record contains prima facie evidence of service, a valid return showing domiciliary service,[1] such evidence may be rebutted by clear and convincing proof. Hood Motor Company, Inc. v. Lawrence, La.App., 334 So.2d 460 (1st Cir. 1976). Therefore, there is a genuine issue as to a material fact, that is, whether or not there was a valid service of process.
The record also contains evidence, an answer filed on behalf of the appellant, that the appellant made a general appearance in the original action. The answer was filed by Charles N. Wooten who was allegedly the appellant’s attorney. The appellant has filed an affidavit which states that Mr. Wooten was not her personal attorney and was not authorized to represent her in that suit. Therefore, there exists a genuine issue as to a material fact, that is, whether or not Mr. Wooten was appellant’s attorney and could make a general appearance for her.
The appellant has alleged facts which, if true, would establish that the judgment sought to be revived is an absolute nullity and therefore subject to collateral attack. Because there are issues as to material facts, a summary judgment is not appropriate in this case.
For the above reasons, the judgment of the District Court is reversed and the case remanded for further proceedings with instructions that the District Court order the Clerk of the Sixteenth Judicial District Court to cancel the inscription on the public record reviving the judgment of April 11, 1969. The cost of this appeal to be paid by appellee, all other costs to await the final disposition of the case.
REVERSED AND REMANDED.

. The return showing personal service on the appellant on April 13, 1966 is defective on its face in that it does not state the place of service as required by C.C.P. Art. 1292.