GARSAUD, Judge.
This appeal is from a judgment maintaining an exception of no cause of action, thus dismissing an action for nullity brought by appellants Gastel Corporation and Gerald G. Pfister. The original suit was instituted by Mrs. Harriet Hillary against The Gastel Corporation, Gerald Pfister, and Carol L. Wood, III on two promissory notes. A preliminary default was entered against all defendants on June 3, 1976. The default judgment was confirmed on July 22, 1976 against the three defendants in solido for $17,510, the principal amount of one of the notes, plus interest and attorney’s fees. Similarly, a default judgment was confirmed on the second note for the principal amount of $3,060, plus interest and attorney’s fees. This latter judgment was against The Gastel Corporation only. None of the defendants filed an answer, made an appearance, applied for a new trial, or took an appeal from these default judgments.
In January 1977, Gastel and Pfister sought to annul the earlier judgments by filing a petition for nullity of judgment under Article 2004 of the Code of Civil Procedure. Plaintiff filed exceptions of venue, improper cumulation of actions, vagueness, and no cause of action. Because the trial judge maintained the exception of no cause of action, no ruling was made on the remainder of the exceptions. In well-set-forth reasons, the trial judge found that the petition for nullity failed to allege sufficiently any facts which would constitute fraud to justify the annulment of the earlier default judgment. Appellants base this appeal solely on the “failure of the trial court to grant petitioner leave to amend the pleadings in order to correct the alleged failure to state a cause of action.”
With regard to the claim that an amendment to the pleadings should have been permitted, Article 934 of the Code of Civil Procedure provides:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
If the petition is capable of being amended so as to state a cause of action, then leave to amend should have been granted. Spell v. Executive Officers, Directors and/or Shareholders of P & W Industries, Inc., 316 So.2d 474 (La.App. 1st Cir. 1975), writ refused La., 320 So.2d 911; Menard v. Associated Royal Crown Bottling Co., 249 So.2d 363 (La.App. 4th Cir. 1971). Here, the question is the amendment vel non of a petition for nullity. Thus, an amendment should be ordered under C.C.P. Art. 934 only if petitioner can amend in conformity with Article 2004 of the Code of Civil Procedure. This article provides:
“A final judgment obtained by fraud or ill practices may be annulled. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
The mandate of Article 934, however, is inapplicable here, as the record clearly supports the view that the petition for nullity was incapable of being amended to state a cause of action under C.C.P. Art. 2004. Nowhere in pleadings or in brief do appellants indicate what constituted the fraud and ill practice alleged on the part of the plaintiff-appellee. Gastel and Pfister merely allege fraud. The alleged fraud is described by a further allegation that plaintiff Hillary “. . . [swore] out a false affidavit alleging the amount due on the note.” There are no facts pleaded supporting the claim of false affidavit other than, by implication, payment on defendants’ part. They completely fail to show what amendment to their original petition can be made to state a cause of action.
The only possible contention that could be construed as a factor permitting amendment is defendants’ claim of payment or overpayment. These, however, are affirmative defenses, which cannot be *344 maintained in an action for nullity, and which should have been pleaded in the original suit. Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir. 1967), and cases cited therein. Nowhere in the pleadings do the defendants allege any reason for their failure or inability to present their affirmative defense at an appropriate time. Thus, the trial court was correct in maintaining the exception of no cause of action, as there was no arguable position advanced by appellants which would have constituted a viable amendment to their petition for nullity resulting in a cause of action.
Further, the appellants’ position is not encompassed within the rationale supporting C.C.P. Art. 2004, as it was set forth by Justice Marcus in Johnson v. Jones-Journet, 320 So.2d 533 (La.1975) at 537:
“Article 2004 is drawn primarily from Article 607 of the Code of Practice, which, in addition to announcing the general rule that judgments obtained by fraud or ill practices were subject to annulment, set forth as illustrations bribery of the judge or witnesses, production of forged documents, and perjury by the party obtaining the judgment. These illustrations were not considered exhaustive of actionable fraud or ill practices, however; the jurisprudence set forth two criteria to determine whether a judgment had, in fact, been obtained by actionable fraud or ill practices: (1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) the enforcement of the judgment would have been unconscionable and inequitable.
“When the Code of Civil Procedure replaced the Code of Practice in 1960, the former rule was retained as article 2004. Although the illustrations were deleted, 1. . . there was no intention to change the law.’ [La.Code Civ.P. art. 2004, Comment (b) (I960)] Hence, the criteria of relief set forth in the jurisprudence still obtains.”
Under no stretch of the imagination can it be argued that the judgment rendered against these defendants deprived them of any legal rights, nor was the enforcement of the judgment unconscionable or inequitable. As a matter of fact, what the defendant is seeking here is not the proverbial two bites at the apple, but a third bite at the apple. His first opportunity was to defend on his claim of overpayment against the initial petition. This he failed to do. He then failed to ask for a new trial or take an appeal from the default judgment. Now he asks for a third chance to present his affirmative defense of payment or overpayment by seeking a nullity of judgment. If anything, we would worry about the inequity of permitting, in effect, the substitution of an action for nullity for an appeal in this instance. We believe that the well-established rule that an action of nullity is not intended as a substitute for an appeal is precisely on point. Chauvin v. Nelkin Insurance Agency, Inc., 345 So.2d 132 (La.App. 1st Cir. 1977); Alleman v. Guillot, 225 So.2d 607 (La.App. 1st Cir. 1969); Romero v. Galley, 79 So.2d 625 (La.App. 1st Cir. 1955).
For these reasons, the judgment of the trial court is affirmed.

AFFIRMED.