379 So.2d 782 (1979)
PLANTATION ACCEPTANCE CORPORATION
v.
Thomas H. STONE.
No. 10530.
Court of Appeal of Louisiana, Fourth Circuit.
December 6, 1979.
Rehearing Denied February 20, 1980.
*783 Cabibi & Cabibi, Charles E. Cabibi, Jr., New Orleans, for plaintiff-appellee.
Levenson & Bonin, Leonard L. Levenson, New Orleans, for defendant-appellant.
Before GULOTTA, BEER and GARRISON, JJ.
GULOTTA, Judge.
Plantation Acceptance Corporation sued Thomas Stone for the balance due on a note, and obtained a judgment against him for $162.00 plus stipulated interest, attorney's fees and costs. Stone's subsequent petition to annul the judgment and to grant injunctive relief from a garnishment in execution of the judgment was dismissed.
However, the trial judge amended the judgment on the note to allow Stone a credit for $60.00. Stone appealed, contending the trial judge erred in dismissing the petition for an injunction and in failing to annul the judgment on the note.
Stone based his petition to annul on the plaintiff's failure to credit him with a $60.00 payment made a few days before plaintiff's suit was filed.[1] At trial, both Plantation's owner and its office manager admitted that the affidavit of correctness of account, upon which the default judgment was based, erroneously failed to credit Stone with the $60.00 payment. In addition, however, the office manager testified that the affidavit of correctness was not executed in the presence of a notary.
We find no merit to defendant's contention that the judgment should be annulled because the affidavit misstated the amount due. The evidence shows this was neither fraud nor ill practice, but rather an oversight by plaintiff. The trial judge corrected it without objection by plaintiff. Further, payment or partial payment are affirmative defenses, which Stone should have raised in the original suit. He neither alleged nor proved any reason for his own failure to plead payment. It is well settled that a defendant cannot maintain an action for nullity of a default judgment based on allegations which should have been pleaded as a defense in the original suit. See Hillary v. Gastel Corp., 358 So.2d 342 (La.App. 4th Cir. 1978); Allen v. Michell, 303 So.2d 214 (La.App. 4th Cir. 1974); Gulf Acceptance Loan Corp. v. Demas, 205 So.2d 855 (La.App. 4th Cir. 1968); Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir. 1967).
Nor do we find merit to Stone's argument that the trial judge was without authority to amend the original judgment. LSA-C.C.P. art. 1951 provides:
"A final judgment may be amended by the trial court at any time, with or without *784 notice, on its own motion or on motion of any party.
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
Stone contends the amendment to the judgment was to correct an error of substance rather than calculation. This is immaterial, however; where the error in a judgment is one of substance, correction can be made by appropriate contradictory proceedings, as was done here. Houston oil Field Material Co. v. Pioneer Oil and Gas Co., 211 So.2d 681 (La.App. 4th Cir. 1968). The amended judgment merely corrects, in favor of Stone, an error based on an unintentional mistake by Plantation's office manager. Stone was benefited rather than prejudiced by the amendment.
Finally, we reject Stone's claim that because the affidavit of correctness of the account was not sworn to by the affiant in the presence of the notary public, the default judgment should be annulled. Assuming, but not holding, the affidavit is not valid, the affiant nevertheless testified in the annulment hearing regarding the status of the Stone account. If the original suit on the note had been litigated, after answer had been filed by Stone, presumably the affiant would have testified as to the correctness of the account. Under these circumstances, the validity or invalidity of the affidavit would have then become moot. By not answering the petition Stone permitted plaintiff to take a default judgment based on an affidavit subsequently attacked on technical grounds in a motion to annul a final judgment on the grounds of illegal practice. Had defendant appeared to defend in the original suit, he could have traversed the affidavit and forced plaintiff to present testimony or other evidence at that time.
It is important to realize that no claim is made by Stone that the signature of affiant is not that of plaintiff's office manager. No fraud is alleged. Nothing in this situation has operated to deprive Stone of any legal right, nor would enforcement of this judgment be unconscionable nor inequitable. See Alonso v. Bowers, 222 La. 1093, 64 So.2d 443 (La.1953); Gumina v. Dupas, 159 So.2d 377 (La.App. 4th Cir. 1964). Under these circumstances, the trial court did not err in refusing to annul the judgment.
For the foregoing reasons, therefore, we affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] According to Charles Mannina, owner of Plantation Acceptance Corporation, the account was sent over to their attorney for collection on April 17, 1978. Stone paid $60.00 on April 20, 1978 and Plantation's attorney filed suit on April 24, 1978. The affidavit of correctness of account was dated May 16, 1978, and the judgment on the note was signed May 19, 1978.