NORRIS, Judge.
This appeal is from a trial court judgment sustaining an exception of no cause of action to a petition to annul a judgment for past due alimony pendente lite and costs. We affirm.
On April 15, 1981, Patricia Roberts Brown filed a petition for legal separation against her husband, Edward Duncan Brown. Mr. Brown answered and reconvened against Mrs. Brown who answered the reconventional demand. Thereafter, judgment was rendered and signed in July, *141 1981, ordering Mr. Brown to pay alimony pending the separation in the amount of $275 monthly. On April 29, 1981, Mrs. Brown filed a summary proceeding seeking a judgment for past due alimony, attorney’s fees and costs. The rule was served on Mr. Brown’s attorney of record, Robert W. Ra-ley on May 3, 1982. Raley notified Mr. Brown of the filing and nature of the rule, as well as the time and date of the hearing [May 27,1982] by letter dated May 11,1982. This letter also informed Mr. Brown that Raley would no longer represent him and advised him to obtain other counsel. By motion and order dated May 13,1982, Raley withdrew as attorney of record. Mr. Brown did not appear at the hearing on May 27, 1982, and judgment was rendered against him making $3025 in past due alimony exec-utory and for $250 in attorney’s fees and costs. No motion for new trial or appeal was filed.
However, on July 16, 1982, Mr. Brown filed suit to annul the aforementioned judgment. The only grounds for nullity alleged were that:
(1) Mr. Brown had a defense to the rule in that he and Mrs. Brown had entered into a community property settlement on July 11, 1981,[1] in consideration of which Mrs. Brown agreed that she would “waive her claim for alimony; ”
(2) Mr. Brown was not represented by counsel at the hearing on the rule because of his inability to afford counsel;
(3) Mr. Brown was not present at the hearing;
(4) Mr. Brown’s defense was not presented to the court in the manner prescribed by law because of his lack of knowledge of judicial procedure;
(5) Mr. Brown directed a letter to the judge who heard the original alimony rule prior to the hearing on the rule setting forth his contentions about the agreement; and
(6) the circumstances under which the May 27, 1982 judgment was rendered deprived him of his legal rights and the enforcement thereof would be uncon-scientious and inequitable.
Mrs. Brown filed an exception of no cause of action to the nullity petition which was sustained by the trial court. It is this ruling that Mr. Brown complains of on appeal.
The sole issue presented is: Do the facts alleged by Mr. Brown state a cause of action for nullity under La.C.C.P. Art. 2004?
La.C.C.P. Arts. 2002[2] and 2004[3] set forth the grounds for nullity of final judgments. This nullity action in the instant case is clearly not based on Article 2002 because Mr. Brown concedes that the nullity petition “makes no allegations of .. . incompetency, lack of service of process or lack of jurisdiction.” Rather, Mr. Brown contends that the basis for the suit is Article 2004 particularly referring to the following comment:
Although the courts do not sanction negligence or laches, they have not hesitated “to afford relief against judgments irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be un-conscientious and inequitable.” City of *142 New Orleans v. LeBourgeois, 50 La.Ann. 591, 23 So. 542 (1898); cf. Bell v. Holdcraft, 196 So. 379 (La.App.1940); Sandfield Oil and Gas Co. v. Paul, 7 So.2d 725 (La.App.1942); Vinson v. Picolo, 15 So.2d 778 (La.App.1943),
In fact, counsel for Mr. Brown steadfastly contended both in brief and at oral argument that “[w]e do not contend that the judgment making past due alimony [execu-tory] was obtained by fraud or ill practices.” Thus, it is apparent that Mr. Brown’s sole contention is that because of his impecunious circumstances and lack of knowledge of judicial proceedings, his only effort to assert his defense to the rule was to write a letter to the judge; therefore, the circumstances presented by this case deprived him of his legal rights thereby making the enforcement of the judgment “unconscientious and inequitable.” He is thus asking this court to permit him to present his defense in a proper proceeding.
Our jurisprudence is well settled that a defendant cannot maintain an action for nullity of a default judgment based on allegations which should have been presented as a defense in the original suit absent a valid and sufficient reason for his failure to defend. Johnson v. Jones-Journet, 320 So.2d 533 (La.1975); Fineran v. O'Connor, 410 So.2d 273 (La.App. 4th Cir.1982); Plantation Acceptance Corp. v. Stone, 379 So.2d 782 (La.App. 4th Cir.1980); Burnett v. Burnett, 349 So.2d 490 (La.App. 3d Cir.1977); Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir.1967); Pryor v. Gions, 188 So.2d 739 (La.App. 2d Cir.1966). It is likewise well settled that an action of nullity may not by raising errors of law serve as a substitute for appeal. Johnson v. Jones-Journet, supra.
In Pryor v. Gions, we stated:
In the instant case, plaintiff has failed to establish any good reason or cause which would explain or excuse her failure to timely appear and plead to the suits in which the judgments were rendered and which she now attacks. She had the opportunity to present all her grounds of defense to these actions in the former suits. Thus, as stated, if there were any cause preventing her from making a defense at that time, it is not here established.
While we recognize that the judgment sought to be annulled was rendered pursuant to a summary proceeding rather than as a result of the confirmation of a default judgment in an ordinary proceeding, we find the aforementioned principles to be analagous and equally applicable. Thus, we conclude that a defendant in rule cannot maintain an action for nullity of a judgment on rule based solely on allegations that he had a defense which should have been presented at the hearing on the rule absent an allegation of a valid and sufficient reason for his failure to appear to show cause why the relief sought should not be granted. Furthermore, an action for nullity in such cases may not serve as a substitute for an appeal.
We hold that Mr. Brown’s petition does not allege valid and sufficient facts excusing his presence at the hearing to show cause why he had not paid the past due alimony. It is clear from his own allegations in the petition that he knew what his defense was. It is well settled that Mr. Brown had an absolute right to appear in person to represent himself to present that defense to the court. We conclude that allegations of lack of finances to hire an attorney and lack of knowledge of judicial process, as a matter of law, do not constitute valid and sufficient reason for a failure to appear. To hold otherwise in this case would be to sanction an avalanche of nullity attacks on judgments otherwise properly rendered in such summary proceedings.
There have been no allegations of any improper procedures which deprived Mr. Brown of his legal rights. The facts alleged do not show that the enforcement of the judgment would be unconscientious and inequitable.
Accordingly, we hold that a petition to annul a judgment which alleges the existence of a defense, known to petitioner at the time the summary proceeding on which *143 the judgment is based is filed and served, which alleges that the failure to appear and present that defense was solely due to his financial inability to obtain counsel and his lack of knowledge of judicial procedure does not allege valid and sufficient facts justifying a failure to appear and defend; thus, such a petition does not state a cause of action for nullity under La.C.C.P. Art. 2004. See and compare Johnson v. Welsh, 334 So.2d 395 (La.1976).[4]
For the foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action is affirmed at appellant’s cost.
AFFIRMED.

. The record does not reveal that the parties have ever obtained a judgment of separation or divorce.

. La.C.C.P. Art. 2002 provides:
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3)By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.

.La.C.C.P. Art. 2004 provides:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

. In Johnson v. Welsh, the defendant was personally served and he engaged an attorney to defend him in the litigation. However, the attorney failed to answer the petition, and plaintiff obtained a default judgment. The Supreme Court sustained a holding that such failure to appear does not constitute a ground to set aside a default judgment.