447 So.2d 1090 (1983)
BILLIOT BROTHERS, INC.
v.
Maurice BERCIER.
No. 83 CA 0285.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Kim P. Stansbury, Morgan City, F. Pierre Livaudais, Covington, for plaintiff, appellant.
L. Jay McCreary, Slidell, for defendant, appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
This is an appeal from a judgment which dismissed an action to annul a default judgment brought by Billiot Brothers, Inc. (appellant). Appellant claims that Raymond Billiot, one of its registered agents for service of process, was not personally served with the petition and citation as required by law in the suit entitled, "Maurice Bercier v. Billiot Brothers, Inc.," Number 70157 on the docket of the 22nd Judicial District Court, St. Tammany Parish, Louisiana. The trial judge dismissed appellant's action of nullity without assigning reasons. The record reveals that the citation and copy of the petition was served on July 19, 1982, on Billiot Brothers, Inc., through Raymond Billiot by Sgt. D. Slade.
Raymond Billiot testified that he was President of Billiot Brothers, Inc.; that his domicile was in Folsom, Louisiana; that appellant's principle place of business was in Kenner, Louisiana; that he was not served with a copy of the petition; that the first time he saw the suit papers was at his office in Kenner, as they were included in the mail he brought from home; that he guessed it could have been two weeks to a month after the papers were left at his house before he saw them; that he was not at his residence during the day; that appellant was involved in the swimming pool installation business; that in the summer his work day began around 7:00 a.m. and sometimes lasted until 10:00 or 11:00 p.m., but usually he returned home from work around 6:30 or 7:00 p.m.
Shelia Billiot, Raymond Billiot's wife, testified that while at home she got a copy of the petition from a deputy she could not identify; that she put the papers on the bar with the rest of Raymond's mail; that she *1091 did not say anything about the papers to him because at that time of the year he worked until 10:00 or 11:00 p.m., and many times she was in bed when he returned home.
Aubrey Billiot, Raymond's brother and Vice President of appellant corporation, testified that he received the suit papers from Raymond a few weeks or a month ago; and that when he got the papers he forwarded them to his lawyer.
Unfortunately, Deputy Slade was deceased at the time of trial. Shirley Adkins, the lieutenant in charge of the St. Tammany Parish Sheriff's Office Civil Division, testified as to the normal practices and procedures regarding service of process. Lt. Adkins testified that it was not "out of order" for a line to be drawn through "in person" and "at domicile" on the citation form[1] because the return indicated that, "[t]his was served through Raymond Billiot. The notation was put right in here."
A return of citation is prima facie evidence of service. La.C.C.P. arts. 324, 1292; La.R.S. 13:3471(5); Hood Motor Company, Inc. v. Lawrence, 334 So.2d 460 (La.App. 1st Cir.1976), writ denied, 338 So.2d 288 (La.1976); Martinez v. Silverman, 288 So.2d 88 (La.App. 4th Cir.1974); Smith v. Crescent Chevrolet Co., 1 So.2d 421 (La.App. 1st Cir.1941). The return of the officer on the citation is given great weight, and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4 (1957); League Central Credit Union v. Gagliano, 336 So.2d 931 (La.App. 4th Cir. 1976); Spinks v. Caddo-Bossier Services, Inc., 270 So.2d 604 (La.App. 2nd Cir.1972).
The trial judge obviously felt that appellant failed to rebut the presumption of validity given to the return. We agree. Our review of the record reveals that Raymond Billiot denied ever being served, and his wife admitted receiving the service of process. We also note that there was a discrepancy between Raymond and Shelia Billiot's testimony and that of Aubrey Billiot. Shelia Billiot said that she was served during the summer months because she did not discuss the matter with her husband since she was usually in bed by the time he returned at night. The citation indicates that service was made on July 19. Raymond Billiot indicated that a week or two or possibly as long as a month might pass before he took the mail that accumulated at his house to his office. He testified that when he took the mail to the office, went through it, and found the suit, he immediately turned the papers over to his brother, Aubrey. Aubrey Billiot, however, testified that he did not know of the papers until "a few weeks ago. I guess a month ago, something like that."[2] Additionally, appellant's petition indicates that a judgment by default was taken on August 23, 1982. This suit to annul was filed on October 13, 1982, and the rule to show cause was originally fixed for October 27, 1982. Raymond Billiot testified that he was served with a copy of the notice of default judgment upon his return from his gall bladder surgery which hospitalized him beginning September 30, 1982. He also testified that he had taken the papers to his office well in advance of his operation.
Considering the entire record, we find that the trial judge was not clearly erroneous in dismissing appellant's suit. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). We affirm the decision of the trial judge. Costs of this appeal are taxed to appellant.
AFFIRMED.
*1092 
NOTES
[1] A photocopy of the return is attached.
[2] The trial was held on November 10, 1982.