BOWES, Judge.
Defendant/appellant, Steve Pumilia, d/b/a Progressive Lighting, appeals the judgment of the trial court dismissing the appellant’s Petition for Nullity of Judgment of a default judgment rendered against him on April 29, 1985 on behalf of plaintiff/appellee, Christopher R. Fanguy, d/b/a Dixie Lighting & Supply Company, in the full and true sum of Three Thousand Five Hundred Eighty-three and 81/100 ($3,583.81) Dollars, plus interest on all amounts more than thirty (30) days past due of one and one-half per cent per month, plus attorney’s fees of twenty-five per cent, and all court costs. We affirm.
Appellant and appellee entered into an agreement that Dixie Lighting and Supply Company would supply merchandise to Progressive Lighting. In accordance with the agreement, Pumilia executed a promissory note dated November 16, 1984 in which he stated he was owner of Progressive Lighting and agreed to guarantee any invoice amounts personally, as well as attorneys’ fees or court costs if the invoices should become delinquent. During the month of November, 1984, the total amount of the merchandise shipped to the appellant by the appellee was in the sum of Three Thousand Five Hundred Eighty-three and 81/100 ($3,583.81) Dollars. The appellant agreed to pay all invoices in full within ten (10) days to thirty (30) days of invoice date. However, the record reflects that thirty-three (33) days after the final invoice, ap-pellee wrote to appellant requesting payment of all invoices. The record does not reflect that appellant responded to this request for payment.
On February 20, 1985, the appellee filed suit in First Parish Court for the Parish of Jefferson against the appellant for an open account that was due and owing. Attached to the petition were copies of the invoices for merchandise received, all signed by Steve Pumilia; statements of account; and the promissory note dated November 16, 1984. Personal service was made on the appellant April 1, 1985 and a default judgment was subsequently obtained on April 29, 1985.
On November 4, 1985, the appellant filed a Petition for Nullity alleging that the Default Judgment was null and void for the following reasons:
1) Appellant was not served with the citation and petition either personally or domiciliary because he did not reside at 2718 Greenwood Avenue, Kenner, Louisiana on April 1, 1985, and, also, he was working on a tugboat on that date; and
2) Appellant was not the owner of the business known as Progressive Lighting and therefore he was not liable for the debts incurred by said businesses.
A hearing was conducted on the petition for nullity of judgment on February 14, 1986. The Honorable James M. Lockhart, Jr. ruled that the service of the citation and petition of the original suit on open account was proper and, accordingly, he dismissed appellant’s petition for nullity of the judgment. Furthermore, Judge Lockhart ruled that the appellant’s allegations regarding his ownership in Progressive Lighting and liability to the appellee were affirmative defenses that should have been raised in the principal action and were not matters that were to be included in the petition for nullity. As a result of this judgment, the appellant has filed his appeal.
Appellant presents one assignment of error:
The trial court erred in denying defendant’s Petition for Nullity of Judgment in that Steve Pumilia was never served with process as required by law.
In his argument, the appellant contends that not only was he not served with process as required by law but, also, that he is *73 not the owner of Progressive Lighting. The trial judge did not allow testimony as to this second issue at the trial. He held that as the appellant had been properly served he was not entitled to put forth any further evidence regarding the merits of the case.
The grounds for an action of nullity of a final judgment are provided in La.C.C.P. Arts. 2002 through 2006.
La.C.C.P. Art. 2002 states in pertinent part:
A final judgment shall be annulled if it is rendered:
[[Image here]]
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;
[[Image here]]
La.C.C.P. Art. 2004 states in pertinent part:
A final judgment obtained by fraud or ill practices may be annulled.
The appellant alleges that he was not served personally or domiciliary. However, on cross-examination at the hearing for Petition of Nullity, he stated he could not remember where he was on April 1, 1985, but when asked if it were possible he was at 2718 Greenwood Avenue, Kenner, on April 1 and 2, 1985, he stated it was quite possible.
A representative of the moving company hired by the appellant testified that he went to 2718 Greenwood Avenue, Kenner, on April 1, 1985, to meet with the appellant and quoted him a price for moving the furniture and storing it. Additionally, he testified that he returned on April 2, 1985, to pick up the furniture and the appellant was present at that time also. Invoices for the moving services, signed by the appellant, were filed into the record.
The Judicial Process Server for the Parish of Jefferson testified that he made service on Pumilia on April 1, 1985 at his residence at 2718 Greenwood Avenue, Ken-ner. The Process Server signed the bottom of the service and entered it in his log book for that date.
The jurisprudence in Louisiana is clear that a return of citation is prima facie evidence of service. Estate of Hagan v. Fike, 436 So.2d 1338 (La.App. 5th Cir.1983); Hood Motor Company, Inc. v. Lawrence, 334 So.2d 460 (La.App. 1st Cir.1976) writ denied 338 So.2d 288 (La.1976). These returns, when properly attested to, are given great weight. Billiot Bros., Inc. v. Bercier, 447 So.2d 1090 (La.App. 1st Cir.1983); Hood Motor Company, Inc. v. Lawrence, supra. The burden rests on the party attacking the service of process to establish the lack of by clear and convincing evidence and not by a mere preponderance. Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4 (La.1957); Samrow v. Samrow, 428 So.2d 547 (La.App. 4th Cir.1983).
It is well settled in our jurisprudence that the return cannot be impeached and the presumption of correctness, established by LSA C.C.P. Art. 1292,[1] overcome by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer. Kem-Search, Inc. v. Sheffield, 416 So.2d 220 (La.App. 1st Cir.1982); Samrow v. Samrow, supra; Hood Motor Company, Inc. v. Lawrence, supra; League Central Credit Union v. Gagliano, 336 So.2d 931 (La.App. 4th Cir.1976). Pumilia’s testimony on this subject is uncorroborated and equivocal at best.
In the instant case as to the dispositive factual issue — whether Mr. Pumilia has been served with process in accordance with the law — we find no manifest error. We concur with the trial court’s findings *74 that the appellant was legally and properly served.
The trial court was also correct in refusing to hear arguments and testimony from the appellant on the issue of whether or not he was the owner of Progressive Lighting. The issue raised by the appellant — that enforcement of the judgment would have been unconscionable and inequitable — is, in fact, one of the criteria for determining whether the judgment has been obtained by actionable fraud or ill practices pursuant to La.C.C.P. Art. 2004. Appellant has neither alleged nor shown fraud or ill practices by the appellee in obtaining the default judgment. Johnson v. Jones-Journet, 320 So.2d 533 (La.1975); Walsh v. Walsh, 215 La. 1099, 42 So.2d 860 (La.1949), cert. denied 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1340 (1950). Thus, the allegations made by the appellant are matters that should have been pleaded as affirmative defenses in an original petition, and should not have been pleaded in the petition for nullity. Hillary v. Gastel Corp., 358 So.2d 342 (La.App. 4th Cir.1978).
It is well established in our jurisprudence that a defendant cannot maintain an action for nullity of a default judgment based on allegations which should have been presented as a defense in the original suit absent a valid and sufficient reason for his failure to defend. Brown v. Brown, 430 So.2d 140 (La.App. 2nd Cir.1983) and cases therein cited. Likewise, it is well settled that an action of nullity may not, by raising errors of law, serve as a substitute for appeal. Brown v. Broten, supra.
Accordingly, we affirm the judgment of the trial court. Appellant is to pay all costs of this appeal.
AFFIRMED.

. La.CCP Art. 1292 states in pertinent part:
The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct.