ARMSTRONG, Judge.
Plaintiff, Robert Lucien, appeals the trial court’s judgment granting defendants’, Jin Hwa Hong and Duck Hee Hong, motion for summary judgment and sustaining their exception of no cause of action.
In 1985 Jin Hwa Hong and Duck Hee Hong, sold their house to Robert Lucien. On March 27, 1985, in connection with that sale, Lucien executed a promissory note in favor of the Hongs for $14,000. This was a hand-note on a collateral mortgage secured by the house. The note specified an interest rate of 12% “Principal and interest payable in one installment of $15,904.00 due and payable on May 26, 1985.” Lucien failed to pay the Hongs on the specified date. Thereafter counsel for the Hongs demanded payment from Lucien. When payment was not forthcoming the Hongs, in August of 1985, instituted suit against Lucien for the balance due on the promissory note. Lucien failed to answer or appear in that suit and a preliminary default was taken against him on October 21, 1985. That default was confirmed on October 21, 1985 and judgment entered against him on the same day. In December of 1985 when the Hongs attempted to collect on the judgment by filing a Motion to Examine The Judgment Debtor Lucien responded.
On January 23, 1986 Lucien filed a petition for Nullity of the Judgment pursuant to La.-C.C.P. Art. 2004. In that petition *169 Lucien alleged the following: 1) that the effective interest rate on the promissory was in fact 73% and therefore usurious under Louisiana Law; 2) that Lucien executed the Collateral Mortgage and the accompanying promissory note in his role as a facilitator of a combined Purchase Agreement between himself, the Hongs, and a third party named Deborah Blue; 3) that when Lucien was served with the petition in the action on the promissory note he interpreted it as an attempt to foreclose on the mortgaged house rather than a personal action against him.
In response to the petition for nullity of the judgment the Hongs filed a Motion for Summary Judgment, an Exception of No Cause of Action, and a Motion to Amend the Original October 21, 1985 judgment to reflect an amount consistent with the promissory note’s stated interest rate of 12%. The trial court heard those motions and rendered a judgment on March 21, 1986 granting the Motion for Summary Judgment, upholding the exception of No Cause of Action, and denying the Motion to Amend the Judgment.
In this appeal Lucien takes issue with all of the action taken by the trial court in the March 21, 1986 judgment. Appellant first claims that the trial court erred in granting the motion for summary judgment.
LAS-C.C.P. Art. 966 concerning summary judgment states in pertinent part as follows:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material facts, and that mover is entitled to judgment as a matter of law.
Appellant claims that the trial court erred in granting the motion for summary judgment because there is a genuine issue of material fact. The issue of fact which the appellant cites is the effective interest rate on the promissory note. Appellant contends that the Hongs were guilty of fraud and ill practice as contemplated by LSA-C.C.P. Art. 2004 because they are attempting to collect on a promissory note which specifies an usurious interest rate. We must disagree.
According to article 2004 of the Code of Civil Procedure, any final judgment obtained by fraud or ill practices may be annulled. Our jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. Smith v. Cajun Insulation, Inc. 392 So.2d 398 (La.1980). Johnson v. Jones-Journet, 320 So.2d 533 (La.1975).
Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
Appellant makes no contention that he was deprived of a legal right in the trial court, nor can we say that enforcement of the judgment on the promissory note would be unconscionable and inequitable.
In addition we must point out that,
Our jurisprudence is well settled that a defendant cannot maintain an action for nullity of a default judgment based on allegations which should have been presented as a defense in the original suit absent a valid and sufficient reason for his failure to defend. Johnson v. Jones-Journet, 320 So.2d 533 (La.1975); Fineran v. O’Connor, 410 So.2d 273 (La. App. 4th Cir.1982); Plantation Acceptance Corp. v. Stone, 379 So.2d 782 (La. App. 4th Cir.1980); Burnett v. Burnett, 349 So.2d 490 (La.App. 3d Cir.1977); Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir.1967); Pryor v. Gions, 188 So.2d 739 (La.App. 2d Cir.1966). It is likewise well settled that an action of nullity may not by raising errors of law serve as a substitute for appeal. Johnson v. Jones-Journet, supra.
Brown v. Brown, 430 So.2d 140, 142 (La.App. 2nd Cir.1983).
Thus while the rate of interest on the promissory note may have been a valid *170 defense to the original action it is not properly raised in a motion for nullity of the judgment. Since the amount of the interest rate charged cannot be addressed in an action for nullity of the judgment the trial court correctly granted the motion for summary judgment.
The appellant next claims that the trial court erred in sustaining the exception of no cause of action.
An exception of no cause of action raises the question of whether the law affords a remedy to anyone based only upon the well-pleaded allegations of fact in the petition under any theory of the case. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). The purpose is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers. For the purpose of determining the issues raised by the exception, well pleaded facts in the petition and any annexed documents must be accepted as true. La.C.C.P. Art. 927; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
An exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. The plaintiff must have no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
Mitchell v. Crane, 485 So.2d 613, 615 (La.App. 4th Cir.1986).
In order to state a cause of action for nullity of the judgment appellant would have to allege facts indicative of fraud or ill practice pursuant to LSA-C.C.P. Art. 2004.
A review of the petition for nullity of the judgment reveals no allegation which would indicate that Lucien was deprived of his legal rights, e.g. the right to appear and defend himself; or that the enforcement of the judgment would be unconscionable or inequitable. The facts indicate that Mr. Lucien had every opportunity to appear and defend himself in the original suit, as well as to appeal from the judgment. In his ignorance of the law he did not do so.
Appellant also claims that he filed a motion to amend his petition. However, no such motion appears in the record. Absent such a request the trial court had no obligation to allow defendant to amend his judgment unless pursuant to La.C.C.P. Art. 934 the court determined that amendment would correct the petition to state a cause of action. In this instance we do not think that the trial court had an obligation to allow appellant to amend his petition.
Appellants final claim is that the trial court erred in failing to grant him a sus-pensive appeal. Appellants contention is based on the mistaken belief that a suspen-sive appeal in this case would delay execution of the original October 21,1985 default judgment on the promissory note.
The judgment Lucien has appealed from is the trial court’s judgment maintaining the Hongs’ exception of no cause of action and granting the Hongs’ motion for summary judgment. If a suspensive appeal had been allowed that is the judgment which would have been suspended. Because the trial court’s judgment on the nullity action does not nullify the judgment on the original demand, suspension of the trial court’s judgment on the nullity action would have no effect on the original judgment. This claim lacks merit.
We also note that appellant raises a number of issues in regard to the original suit. We have not addressed those issues because there is no evidence that the present judgment should be annulled, hence the original judgment stands and is not appeal-able at this time.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.